Argued and submitted August 27, 1999, remanded in part with instructions; otherwise affirmed February 23, 2000

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL LEIGH WOODS,
*Appellant.*

(C9602-30913, C9701-30019;
CA A99941 (Control), A100432)
(Cases Consolidated)

997 P2d 275

Anthony Bornstein, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

In this consolidated criminal appeal, defendant challenges the sentences imposed in each of two cases. In the first case (A100432), defendant was convicted of three counts of sexual abuse in the first degree based on conduct that occurred in April 1996. He was sentenced to 75 months on each count, pursuant to ORS 137.700(2)(a)(P). In the second case (A99941), defendant was sentenced to six months on an unrelated probation violation, and the judgment further declares that defendant is ineligible for any form of early release, pursuant to ORS 137.750.

As to the sentence in the first case, defendant argues that, because ORS 137.700(2)(a)(P) is unconstitutional, the sentence should be vacated. Defendant acknowledges that the Supreme Court upheld the constitutionality of the statute in *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145 (1997). He argues that the case was wrongly decided. We reject his argument without further discussion.

As to the sentence in the second case, defendant argues that the trial court erred in denying him eligibility for early release pursuant to ORS 137.750 on the six-month sentence that it imposed. According to defendant, ORS 137.750 applies only to crimes committed on or after December 5, 1996, and his crimes occurred before that date. The state concedes the point, and we accept the state's concession. ORS 137.750 provides that, when a court imposes a sentence of incarceration, the court may declare a defendant ineligible for "any form of temporary leave from custody, reduction in sentence, work release, alternative incarceration program or program of conditional or supervised release * * *." The statute was enacted and took effect on June 12, 1997, and, by its terms, applies only to convictions based on "crimes committed on or after December 5, 1996." Or Laws 1997, ch 313, § 38. The trial court therefore erred in imposing restrictions on defendant's release based on ORS 137.750.

Remanded with instructions to delete provision in judgment in case CA A99941 declaring defendant ineligible for early release; otherwise affirmed.