Submitted on record and briefs November 3, sentences vacated; remanded for resentencing; otherwise affirmed December 21, 2005, petition for review denied April 4, 2006 (340 Or 359)

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT DWAYNE HARVEY,
*Appellant.*

C020965CR; A120607

125 P3d 792

Erin Galli Rohr and Chilton, Ebbett & Rohr filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Laura S. Anderson, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

**LINDER, J.**

Defendant appeals his convictions on four counts of sexual abuse in the first degree, ORS 163.427, and one count of unlawful sexual penetration in the first degree, ORS 163.411. Defendant's first three assignments of error challenge the admissibility of evidence that defendant contends was not relevant and, in all events, was more prejudicial than probative. *See* OEC 403. We agree with the state that defendant's objections to the evidence at trial were not adequate to preserve his specific assignments of error on appeal and therefore do not discuss those assignments further. We write to address the remaining assignments of error. As we explain, we affirm the convictions, but remand for resentencing.

Defendant's fourth assignment of error challenges the trial court's refusal to conduct an *in camera* review during trial of certain of the victim's medical records. To better explain our analysis of that issue, we begin by describing the procedural context in which it arose.

Before trial, defendant issued subpoenas *duces tecum* seeking, among other things, the victim's medical records from a physician who treated her during some of the years in which the abuse allegedly took place. Defendant also filed a motion asking the court to examine the records *in camera*. The state moved to quash the subpoenas and resisted the request for an *in camera* inspection of the records, arguing that defendant was inappropriately seeking to obtain pretrial discovery from a third party. The trial court agreed, and therefore granted the state's motion to quash and denied defendant's motion for the *in camera* inspection. In doing so, however, the trial court invited defendant to "reopen the question of issuing subpoenas for third party records depending on [the] testimony at trial."

The trial commenced approximately one month later before a different trial court judge. At the end of the state's case-in-chief, which concluded with the victim's testimony, defense counsel renewed the request for an *in camera* inspection of the previously subpoenaed medical records. In doing so, counsel commented that sealed copies of the records

should be in the court's file. The trial judge responded, "I don't have them. I don't have sealed copies of records here." Defense counsel replied that the records had been given to the judge who presided over the hearing on the motion to quash, that the records could not have gotten lost, and that she was "sure they're somewhere." The trial court denied the motion for an *in camera* review, stating, "First of all, I can't review them if I don't have them. And I don't have them. * * * And I don't know where they are." After argument from the parties about what the contents of the records might reveal, the trial court further concluded that defendant did not make an adequate showing as to the potential relevance of the records.

On appeal, defendant challenges only the trial court's mid-trial refusal to conduct an *in camera* review of the medical records, acknowledging that the trial court's pretrial refusal to inspect them was not error. *See State v. Cartwright*, 336 Or 408, 416, 85 P3d 305 (2004) (subpoena *duces tecum* directed to a third party cannot be used as discovery device to command the pretrial production of evidence to be used at trial). Defendant's argument then focuses on whether the records were shown to have been sufficiently favorable and material to him such that he was entitled to the requested *in camera* review to determine if the records, in fact, had evidentiary value.

Defendant's argument, however, overlooks the threshold problem that confronted the trial court and that confronts this court on appeal as well: the medical records in question were not made a part of the record. The initial subpoena that brought the records before the court for purposes of the pretrial hearing was a legal nullity and was properly quashed. *Cartwright*, 336 Or at 416-17. Nothing suggests that defense counsel issued a new subpoena requiring the records to be brought to trial, which is the procedure that defendant should then have followed. *Id.* at 417. Defense counsel apparently believed that the records had been entrusted informally to the custody of the judge who presided over the pretrial hearing on the motion to quash. Whether or not that understanding was accurate,[1] the fact is, the

---

[1] It appears that it may not have been. According to the transcript of that hearing, defense counsel stated only, "Your Honor, I'll give the Court a copy of the

documents in question were neither formally made a matter of record nor produced at trial pursuant to a new subpoena.

For the trial court, the practical problem was that there were no records to review. The trial court cannot be faulted for failing to review the records *in camera* when defendant did not take the steps necessary to ensure that the records were before the trial court at the correct time. *See id.* at 415-17 (subpoena commanding that documents be brought to trial is the correct procedural device to compel production of documentary evidence in possession of third parties); *Wulff v. Sprouse-Reitz Co., Inc.*, 262 Or 293, 311-12, 498 P2d 766 (1972) (a defendant seeking to have documents examined *in camera* must not merely produce the documents, but must also ensure that they are marked as an exhibit and made a part of the record). The problem is compounded on appeal. Again, defendant did not ensure that the records were sealed and made a part of the file. Because of that omission, we cannot determine whether any error committed by the trial court in failing to inspect the records is prejudicial, as we are obligated to do. Consequently, the issue is not preserved for our review. *Wulff*, 262 Or at 312 (where defendant sought to have trial court make *in camera* inspection of file, defendant was required to offer the file as an exhibit to preserve claim that any error was prejudicial); *State v. Reed*, 173 Or App 185, 191 n 4, 21 P3d 137, *rev den*, 332 Or 559 (2001) (claim that trial court erred in providing party access to documents could not be reviewed on appeal where documents were not made a part of the record).

We turn to defendant's final assignment of error, in which he challenges the portion of his sentence on one of the charges that declares him to be ineligible for early release under ORS 137.750. Defendant argues that the statute applies only to convictions based on crimes committed on or after December 5, 1996, and that his crimes were committed before that date. Although defendant did not raise that objection at sentencing, he urges that the error qualifies as plain error. The state concedes that, in light of our decision in *State v. Woods*, 165 Or App 551, 553, 997 P2d 275 (2000), the

---

school records," which was a reference to a different group of records that had been sought pursuant to a separate subpoena that was also quashed.

imposition of the challenged portion of the sentence qualifies as plain error. We accept the state's concession and, for the reasons set forth in *Woods*, we exercise our discretion to reach it. We therefore vacate defendant's sentences and remand for resentencing on all charges. *See* ORS 138.222(5) (if trial court commits an error that requires resentencing on any charge, the appellate court shall remand the entire case for resentencing).

Sentences vacated; remanded for resentencing; otherwise affirmed.