On motions to dismiss ballot title review as moot and to withdraw opinion filed December 21, 2006, respondent's motion to dismiss on ground of mootness granted; respondent's motion to withdraw opinion denied February 15, 2007

Chip TERHUNE
and Larry Wolf,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S53487)

153 P3d 109

Steven R. Powers, Assistant Attorney General, filed the motions on behalf of respondent. With him on the motions were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance *contra*.

DURHAM, J.

## DURHAM, J.

This is a proceeding for review of a ballot title under ORS 250.085. After considering the parties' arguments, this court, pursuant to ORS 250.085(8), determined that the ballot title that the Attorney General certified did not substantially comply with the requirements of ORS 250.035 and referred the ballot title to the Attorney General for modification. *Terhune v. Myers*, 342 Or 136, 149 P3d 1139 (2006).

On the day that this court issued its opinion, December 21, 2006, the Attorney General moved to dismiss the ballot title review proceeding on the ground that the case was moot. The Attorney General also requested that the court withdraw its just-issued opinion in the case. We address those motions in this opinion.

The following are the relevant facts. On May 11, 2006, petitioners filed their petition for review of the ballot title certified for Initiative Petition 12 (2008). The Attorney General filed an answering memorandum on June 1, 2006. Petitioners filed their reply on June 15, 2006. The case was submitted to this court on the record on that date, June 15, 2006. Within one week, on June 21, 2006, the chief petitioner for Initiative Petition 12 (2008) withdrew the initiative petition at the office of the Secretary of State.

Neither the parties nor their lawyers notified this court of the withdrawal of the initiative petition until the Attorney General filed the instant motion to dismiss on the ground of mootness. The record before the court does not disclose when the parties or their lawyers may have learned of the withdrawal of the initiative petition.[1]

■ The withdrawal of the initiative petition rendered moot the parties' dispute over the sufficiency of the Attorney General's certified ballot title. In *Sharvy v. Secretary of State*, 304 Or 276, 277, 744, P2d 989 (1987), this court held that the withdrawal of a prospective initiative petition rendered the

---

[1] The Attorney General states:

"The Attorney General apologizes for not bringing this to the court's attention sooner. For the court's information, this office is taking steps to implement a system to ensure that this does not happen again."

controversy over the Attorney General's ballot title moot and required dismissal of pending petitions to review the Attorney General's ballot title respecting that initiative petition. *Sharvy* requires this court to grant the Attorney General's motion to dismiss this ballot title review proceeding.

Before turning to the Attorney General's second motion, we briefly address the timing of the motion to dismiss. This court spent several months preparing an opinion on complicated issues of importance to the parties and the voting public regarding the merits of the ballot title dispute in this case. However, unbeknownst to the court, the underlying controversy had become moot six days after the court took the case under advisement.

This is not the first case in which this court has faced a similar problem. In *Huffman v. Alexander*, 197 Or 283, 251 P2d 87, 253 P2d 289 (1953), this court decided an appeal from the dismissal of a petition for a writ of habeas corpus. After the court had published a written opinion and while a petition for rehearing was pending, a party notified the court that the case had become moot when the plaintiff had been discharged from custody 20 days after the oral argument in this court. This court stated:

"We are confronted by a deplorable situation. * * * For the first time, we are now informed by counsel that the plaintiff was discharged from custody 20 days after the case was argued here, and considerably before this court had completed its study of the varied and profoundly important issues presented. Working thus in the dark, we have expended time and effort in a case which became moot 20 days after we had heard the argument."

*Id.* at 332.

As *Huffman* and this case illustrate, it is essential that counsel for parties in pending cases stay apprised of the status of their cases. The court depends on the diligence and cooperation of all counsel in that regard to prevent a waste of the court's limited resources.

The protection of the court's resources is the policy objective that underlies ORAP 8.45, which provides:

> "Except as to facts the disclosure of which is barred by the attorney-client privilege, when a party becomes aware of facts that probably renders [*sic*] an appeal moot, that party shall provide notice of the facts to the court and to the other party or parties to the appeal, and may file a motion to dismiss the appeal."

(Footnote omitted.) That rule requires notice to the court, by implication, within a reasonable time, after the party learns the pertinent facts regarding mootness.[2] By maintaining awareness of the status of their cases and promptly notifying the court, as ORAP 8.45 requires, if a case has become moot, counsel provide invaluable assistance to the court in ensuring the efficient administration of justice.

We cannot conclude, from the information before us, that the conduct of the lawyers or parties in this case fell below any standard that the court's rules impose. Nevertheless, we now highlight those standards and this court's expectations for the benefit of the entire bar to minimize the likelihood that a similar problem will occur again.

■ In his second motion, the Attorney General invites the court to withdraw its published opinion. In *Kerr v. Bradbury*, 340 Or 241, 246-47, 131 P3d 737, *adh'd to on recons*, 341 Or 200, 140 P3d 1131 (2006), this court explained that a request to nullify an appellate decision issued after the case has become moot invokes the court's equitable power of vacatur. The Attorney General's second motion, in our view, invites the court to exercise that power.

---

[2] Indeed, the Oregon State Bar has entered into stipulations for professional discipline with lawyers who agreed not to disclose to the court facts that rendered an appellate proceeding moot. *See In re Nash*, 11 DB Rptr 177 (1997) (stipulation for discipline under DR 1-102(A)(4) (prohibiting "conduct that is prejudicial to the administration of justice") and DR 7-102(A)(2) (prohibiting knowing advancement of claim or defense unwarranted under existing law unless supported by good faith argument for extension, modification, or reversal of existing law)); *In re Speck*, 11 DB Rptr 183 (1997) (stipulation for discipline under DR 1-102(B)(1) (prohibiting ratification of another lawyer's violation of disciplinary rules, to wit, agreeing not to disclose to court facts that rendered pending appeal moot)). We do not suggest that any disciplinary violation occurred in this case. We intend our comments, instead, to focus the attention of all lawyers on the importance of their compliance with the ongoing obligation to inform the court within a reasonable time when a pending proceeding has become moot. ORAP 8.45.

*Kerr* outlined some of the factual criteria that guide this court in determining whether to vacate a decision issued in a case that had become moot. The central principle, according to *Kerr*, is that vacatur is an extraordinary remedy to which a party must show an equitable entitlement. *Id.* at 250. Because the application of that principle necessarily will turn on the facts of each case, the court did not announce a closed set of standards that will apply in every case. Instead, the court identified a nonexhaustive list of factors that may inform the court as to whether a party has shown an equitable entitlement to vacatur.

■      According to *Kerr*, the court, where possible, must take account of the "public interest" in granting or denying vacatur and, in doing so, must recognize that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole." *Id.* (citations omitted). The court must consider whether, under the facts, the court that rendered the challenged opinion should not have rendered a decision at all on the merits. *Id.* at 250-51. A lack of jurisdiction is one illustration of that point. The court also will consider whether the opinion, in the absence of vacatur, will interfere with the proper execution of official duties by a public official. *Id.* at 251. The court further will examine whether the circumstance creating mootness was outside the control of or, by contrast, was the result of voluntary action by, the party seeking vacatur. *Id.* at 249. Finally, as noted, the court will consider any other facts that may render a denial of vacatur inequitable.

Considering this case in light of the factors mentioned in *Kerr,* we conclude that the Attorney General has not demonstrated that the remedy of vacatur is appropriate. The Attorney General presents no argument that unfairness or inequity will result from a denial of vacatur in this case. Petitioners in the ballot title review proceeding have filed no appearance regarding the Attorney General's motions. As a result, the record before us is silent regarding any facts that might suggest vacatur to prevent inequitable consequences stemming from the court's opinion.

It is true that mootness in this case arose from the act of a third party—the person who chose to withdraw the

initiative petition—not the unilateral act of any party to the ballot title proceeding. But the denial of vacatur—so far as we can tell—will not create a hardship for the Attorney General, and he does not argue otherwise.

Finally, the record does not demonstrate that granting vacatur would serve the public interest. Nothing before us justifies invoking the equitable remedy of vacatur.

The respondent's motion to dismiss on the ground of mootness is granted; the respondent's motion to withdraw the opinion is denied.