Filed: November 30, 2012

IN THE SUPREME COURT OF THE STATE OF OREGON

STATE OF OREGON,

Plaintiff,

v.

THOMAS HARRY BRAY,

Defendant.

_____

J. B.,

Appellant,

v.

THOMAS HARRY BRAY;
BRIGID TURNER,
prosecuting attorney;
and STATE OF OREGON,

Respondents.


(CC 11FE1078; SC S60840)


En Banc

On interlocutory appeal pursuant to ORS 147.537.*

Submitted November 9, 2012.

Jennifer Coughlin, Brother, Hawn & Coughlin, Bend, filed the Notice of Interlocutory Appeal for Appellant.

Stephen A. Houze, Portland, filed the Respondent/Defendant's Response to Notice of Interlocutory Appeal.

Brigid Turner, Deputy District Attorney, Bend, filed the Prosecuting Attorney's Response to the Interlocutory Appeal. With her on the response was Patrick Flaherty,

1

Deschutes County District Attorney.

Timothy A. Sylwester, Assistant Attorney General, Salem, filed the Attorney General's Response to the Notice of Interlocutory Appeal. With him on the response were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.


DE MUNIZ, J.

The notice of interlocutory appeal is construed to be a petition for review under ORS 147.539, and the petition for review is allowed. The order of the circuit court is affirmed.


*Appeal of order from Deschutes County Circuit Court, Roger J. DeHoog, Judge.

DE MUNIZ, J.

This matter is before the court on an interlocutory appeal of an order involving a crime victim's rights. *See* ORS 147.537 (allowing such appeals). In his criminal case, defendant unsuccessfully sought an order compelling the victim to produce the hard drive of her laptop computer so that the defense could obtain a forensic examination of the hard drive. After his conviction, defendant requested that the trial court order that an already-existing copy of the hard drive, preserved in a related civil case, be placed under seal in the trial court record of defendant's criminal case, for purposes of appellate review. The trial court granted that motion and rejected the victim's claim that the order violated her right as a crime victim under Article I, section 42, of the Oregon Constitution to refuse a discovery request. We conclude that the trial court's order did not violate the victim's rights under Article I, section 42. Accordingly, we affirm.

The facts for purposes of our review are undisputed. Defendant has been convicted of two counts of first-degree rape, two counts of first-degree sodomy, one count of strangulation, and one count of fourth-degree assault for an attack on the victim that occurred on or about February 25, 2011.

The morning after the attack and before the victim called the police, she used her laptop computer to perform a Google search. The victim's statements regarding the Google search that she performed and the reasons she did so have varied over time. For example, the police officer who initially interviewed the victim the morning after the attack testified that "she * * * told me that she Googled Oregon law about rape to see if

1

what happened counted." At trial, however, the victim stated that her Google search was formulated to "give me the information of what happens to you when you report [a rape]."

In November of 2011, while defendant's criminal case was pending, the victim filed a civil action against defendant. In that civil case, the parties prepared two copies, or "clones," of the hard drive from the victim's laptop. At the time that the clones were made, the victim already had made attempts to securely delete data from the hard drive. The victim's attorney took possession of the clones in accordance with a protective order that the trial court had entered in the civil case.

In the criminal case, defendant sought without success to obtain from Google, Inc., information about the search performed by the victim the morning after the attack. *See State v. Bray*, 352 Or 34, 36-38, 279 P3d 216 (2012) (discussing those attempts).[1] Finally, defendant issued a subpoena *duces tecum* to the victim to require her to bring her laptop computer or a clone of the hard drive to the criminal trial. When the victim failed to do so, defendant moved to compel the victim to comply with the subpoena, but the trial court denied that motion. Defendant then moved to compel production of one of the clones that had been prepared in the civil case so that it could be placed in the criminal case record as a sealed exhibit for possible appellate review. The trial court also denied that motion, in part because the clone potentially was available in

---

[1] In that regard, the trial court entered an order stating in part that "the Court FINDS that the Google search records are exculpatory."

the civil case.

After defendant was convicted, the victim was quoted in the media as stating that she intended to dismiss her civil action against defendant. Fearing that dismissal of the civil action would vacate the protective order and lead to the destruction of the clones, defendant filed an emergency motion in the criminal case asking the trial court to reconsider its order denying his motion to require that one of the clones be placed under seal in the criminal case record. Defendant contended that, to obtain appellate review of the trial court's order refusing to enforce the subpoena *duces tecum* against the victim, the clone needed to be part of the record. In support, defendant cited *State v. Harvey*, 203 Or App 343, 347, 125 P3d 792 (2005), *rev den*, 340 Or 359 (2006) ("[D]efendant did not ensure that the records were sealed and made a part of the file. Because of that omission, we cannot determine whether any error committed by the trial court in failing to inspect the records is prejudicial, as we are obligated to do. Consequently, the issue is not preserved for our review.") (Citations omitted.).

The trial court held a hearing on October 12, 2012. At that hearing, the court indicated that it was inclined to grant defendant's motion. The court was concerned, however, that the victim might not have received notice of the hearing, because neither the victim nor her attorney had appeared.[2] Later the same day, the trial

---

[2] In fact, the victim had not been given notice of the October 12 hearing. On appeal, however, the victim does not assert that that failure to give notice violated any of her rights as a victim.

court sent an e-mail to all counsel, including the victim's attorney, noting its intended ruling and directing that the proposed order be circulated to the victim's counsel for possible objections.

The victim then filed with the trial court a claim that the court's order requiring her to provide a clone violated her rights as a victim under Article I, sections 42 and 43, of the Oregon Constitution. *See* ORS 147.515 (setting out process to file claim). The trial court entered an order to show cause why it should not withdraw its intent to issue the order requiring a clone to be placed under seal in the criminal case record. *See* ORS 147.517(2) (so requiring). Both the victim and defendant responded to the motion.

The trial court held a hearing on November 2, 2012. After hearing the arguments of the parties, the court explained that it had concluded that an order requiring a clone to be placed under seal in the criminal case record would not violate the victim's rights. In so ruling, the court stated:

> "So my expectation would be that they [*sic*; a clone] would be made part of the criminal court file, they would be sealed, they would not be released to [defense counsel] or to anyone else without further review but that they -- it would be preserved in the event that something about the appellate process required the Court of Appeals to review them or resulted in an order from the Court of Appeals directing the trial court to permit that type of examination."

The court further explained that it agreed that, under *Harvey* "and other cases, it really is the only way to ensure that the material is protected so that [defense counsel] can pursue whatever appellate rights [defendant] may have in regards to the underlying motion of whether it was something he was entitled to present at trial[.]"

On November 5, the trial court signed an order denying the victim's claim

4

of a violation of her rights. The order largely tracked the reasons for the court's ruling as stated during the hearing. The order provided, in part:

> "The hard drive clone at issue would be held under seal in the file, and its contents could not be disclosed to or examined by anyone -- not even the trial court -- absent further order by a court. Thus, the mere requirement that it be produced for preservation purposes does not subject the victim to discovery by defendant or anyone acting on his behalf. Rather than require the victim to disclose or make anything available for defendant's inspection, the order will effectively maintain the status quo."

(Citation and footnote omitted.) Relying on *Harvey*, the court further concluded that failing to preserve the hard drive might deprive defendant of his ability to obtain appellate review of the trial court's earlier order denying the motion to compel.

Also on November 5, the trial court signed an order, captioned for both the civil and criminal cases, directing the victim's attorney to produce one clone to be placed in a sealed envelope in the criminal trial court record. The court ordered that the envelope "shall remain sealed until further order of a [c]ourt of competent jurisdiction." The court explained its reasons for doing so as follows: "There is a substantial risk that [d]efendant would suffer irreparable harm should there be a destruction of the clones, as he would likely be unable to pursue appellate or post-conviction remedies relating to their content."

The victim filed a notice of interlocutory appeal from the trial court's order. *See* ORS 147.535(5) (authorizing victim to appeal order); ORS 147.537(1) (appellate review commenced by filing notice of interlocutory appeal). She asserts in this court that the order requiring the clone to be placed in the criminal court record under seal violates her rights as a crime victim under Article I, section 42, of the Oregon Constitution.

5

Defendant and the prosecuting attorney both filed responses. *See* ORS 147.537(12) (allowing "a respondent" to respond within seven days); ORS 147.537(2) (defendant and persons described in ORS 147.537(6)(a)-(f) are respondents); ORS 147.537(6)(e) (listing the prosecuting attorney). The Attorney General filed a response[3] that does not address the merits, but argues instead that the current procedural posture of this case in this court is improper.

As noted above, the victim filed in this court what she styled as an interlocutory appeal under ORS 147.537. The Attorney General asserts, however, that this case does not qualify for an appeal under that section. As we shall explain, the Attorney General is correct. This matter should have been filed as a petition for review under ORS 147.539.

Article I, section 42, of the Oregon Constitution authorizes the legislature to enact laws to effectuate the rights granted by that section. Or Const, Art I, § 42(3)(c).[4]

---

[3]    The Attorney General is authorized to appear as a respondent. ORS 147.537(2) (persons described in ORS 147.537(6)(a)-(f) are respondents); ORS 147.537(6)(f) (listing Attorney General). The Attorney General's response was untimely, however, being filed 10 days after the notice of appeal had been filed with this court. *See* ORS 147.537(12) (requiring responses to be filed within seven days). On the facts of this case -- and because the Attorney General did not attempt to address the merits -- we have considered the filing.

[4]    Article I, section 42(3)(c) provides:

"The Legislative Assembly may provide by law for further effectuation of the provisions of this subsection, including authorization for expedited and interlocutory consideration of claims for relief and the establishment of reasonable limitations on the time allowed for bringing

6

The legislature did so in ORS 147.500 to 147.550.  The statutory scheme establishes two avenues for a victim to seek Supreme Court review of an order involving crime victims' rights that are protected by Article I, sections 42 and 43.  The first avenue is by interlocutory appeal, which this court must hear and decide as a matter of right.  ORS 147.537(1).  The second avenue is by a petition for review to this court.  Under that procedure, this court has discretion whether to hear the matter on review.  ORS 147.539(1).  ORS 147.535 prescribes the appropriate avenue to be used to obtain review in a particular case.  That statute provides, in part:

> "(4) Appellate review * * * shall be as provided in:

> "(a) ORS 147.537 if the order was issued * * * in a criminal proceeding in which a defendant is charged with a felony or a person Class A misdemeanor, as that term is defined by rule of the Oregon Criminal Justice Commission, *and the order arises from a motion or claim alleging a violation that occurred prior to the pronouncement in open court of the sentence or disposition* after a plea, admission or trial in the criminal proceeding.

> "(b) ORS 147.539 in all appeals arising under ORS 147.500 to 147.550 except those described in paragraph (a) of this subsection."

ORS 147.535(4) (emphasis added).

In this case, the trial court pronounced defendant's sentence in open court on September 28, 2012.  The trial court did not announce its intent to order the victim to provide a hard drive clone until October 12, 2012.  Accordingly, the victim is not entitled to take an interlocutory appeal under ORS 147.537.  *Compare State v. Barrett*, 350 Or

such claims."

7

390, 397 n 4, 255 P3d 472 (2011) (noting that violation of victim's rights in that case had occurred before trial court had sentenced defendant). Because the requirements of ORS 147.535(4)(a) have not been met, a petition for review under ORS 147.539 was the correct procedure to obtain review in this instance. *See* ORS 147.535(4)(b) (requiring petition for review process "in all appeals arising under ORS 147.500 to 147.550 except those described in paragraph (a) of this subsection").

We conclude, however, that the error does not deprive this court of jurisdiction to review this matter. Although the avenues for appellate review prescribed by ORS 147.535(4) are somewhat different procedurally, it is clear that the legislature intended to make sure that a victim had the opportunity to obtain appellate review of an order allegedly violating a right granted in a criminal proceeding by Article I, sections 42 or 43, of the Oregon Constitution. Nothing in the implementing statutes indicates that the legislature intended a victim to lose the right to appellate review simply because the initiating document was mislabeled. Here, the initiating document filed by the victim was timely and contained all the same documents required for a petition for review. *See* ORS 147.539(1) (petition for review "must be accompanied by the same materials described in ORS 147.537(4)"). For those reasons, we conclude that this court's exercise of its authority to construe the notice of interlocutory appeal as a petition for review is consistent with the legislature's intended purpose to provide appellate review of orders affecting the rights of crime victims guaranteed in Article I, sections 42 and 43. Having

8

reviewed the petition and the responses, we exercise our discretion to allow review and turn to the merits.[5]

In 1999, the voters amended the Oregon Constitution to grant certain rights to crime victims. Article I, section 42, of the Oregon Constitution provides, in part:

"(1) To preserve and protect the right of crime victims to justice, to ensure crime victims a meaningful role in the criminal and juvenile justice systems, to accord crime victims due dignity and respect and to ensure that criminal and juvenile court delinquency proceedings are conducted to seek the truth as to the defendant's innocence or guilt, and also to ensure that a fair balance is struck between the rights of crime victims and the rights of criminal defendants in the course and conduct of criminal and juvenile court delinquency proceedings, the following rights are hereby granted to victims in all prosecutions for crimes and in juvenile court delinquency proceedings:

"* * * * *

"(c) The right to refuse an interview, deposition or other discovery request by the criminal defendant or other person acting on behalf of the criminal defendant provided, however, that nothing in this paragraph shall restrict any other constitutional right of the defendant to discovery against the state[.]"

The victim asserts that the order in this case violates her right under Article I, section 42(1)(c) to "refuse * * * [a] discovery request by the criminal defendant." The victim maintains that defendant is not entitled to receive discovery. She asserts that defendant is on a "fishing expedition" to discover evidence of unknown import without

_____

[5] In doing so, we note that future appellants should not count on such treatment. Given the extremely short deadlines with which all the parties and this court must contend, it is critically important for counsel to insure that any request for review of an order involving crime victims' rights meets all of the procedural requirements for review in this court.

making a showing that the hard drive clone contains evidence that would be favorable and material.

The issue at this stage of the case, however, is not whether defendant was entitled to have the cloned hard drive produced before or during trial. The victim has already won that point: The trial court refused to give defendant access to the hard drive. The propriety of that ruling is not before this court at this time. The trial court's order will be overturned, if at all, only upon a timely appeal by defendant in his criminal case. Arguments about defendant's right to subpoena the hard drive in light of a victim's constitutional right under Article I, section 42(1)(c), of the Oregon Constitution, should be directed to the Court of Appeals in the appropriate manner, if and when defendant challenges the trial court's ruling on appeal.

At this stage, in this court, our task is to review the trial court's ruling that the victim's right to refuse a discovery request was not violated by requiring one of the existing clones of her hard drive be placed under seal in the criminal trial court record. Accordingly, we consider only whether defendant's request that the victim produce the hard drive clone under seal and the trial court's order allowing that request violated the victim's right to refuse "discovery" within the meaning of the victim's constitutional guarantee.

The term "discovery" is not defined in Article I, section 42, of the Oregon Constitution. If a constitutional amendment uses a term that has a well-defined legal meaning, however, we generally apply that definition. *See Ester v. City of Monmouth*, 322 Or 1, 9, 903 P2d 344 (1995) (so noting). "Discovery" does have a well-defined legal

10

meaning. Ordinarily, it refers to "[c]ompulsory disclosure, at a party's request, of information that relates to the litigation[.]" *Black's Law Dictionary* 533 (9th ed 2009).

Context may affect the meaning of "discovery" as used in Article I, section 42, of the Oregon Constitution. In that section, by making "other discovery request" a catchall provision after "interview" and "deposition" -- both of which would occur pretrial -- the voters may have intended to refer only to discovery that occurs pretrial. *See Liberty v. State Dept. of Transportation*, 342 Or 11, 20, 148 P3d 909 (2006) ("When the legislature uses nonspecific or general phrases as well as a list of items, this court, under the principle of *ejusdem generis*, construes the statute as referring only to other items of the same kind." (Internal quotation marks and citations omitted.)). A preexisting statute regarding discovery from victims in criminal cases may also provide context regarding what the voters meant when they granted victims a constitutional right to be free from "discovery." *See* ORS 135.970(3) (as amended in 1997 by Or Laws 1997, ch 313, § 7, "discovery" from victims is generally prohibited, subject to exception for defendant "[s]ubpoenaing or examining the victim at trial" or "[s]ubpoenaing books, papers or documents").

Here, however, we need not decide whether context limits the meaning of the term "discovery." In this case, the trial court ordered only that the victim deliver an existing hard drive clone so that it could be placed under seal in the trial court file. Even under the broadest definition of the term "discovery," the trial court order does not require the disclosure of any information relating to the litigation to anyone. Regardless of what the exact boundaries of "discovery" may be under Article I, section 42, of the

11

Oregon Constitution, defendant's request that a clone of the hard drive be preserved under seal for purposes of appellate review, and the trial court's order allowing that request, do not qualify.

The trial court's order, which places the clone under seal, is consistent with the victim's right to refuse a discovery request. If the victim is correct that defendant is not entitled to examine the hard drive, then the Court of Appeals will affirm the trial court, and the clone will be returned to her unopened. Defendant will have discovered nothing, and no right of the victim will have been violated.

This case is analogous to this court's decision in *State v. Crenshaw*, 307 Or 160, 764 P2d 1372 (1988). There, the defendant sought to have the prosecutor's file in a related case reviewed *in camera*. When the trial court refused, the defendant moved to have the file copied and placed under seal in order to preserve the arguable trial court error for a possible appeal. The trial court issued the requested order, but the prosecutor refused to comply, asserting that the documents in the file were protected by the work-product privilege. The trial court held the prosecutor in contempt, but the Court of Appeals reversed. On review, this court affirmed the trial court. In doing so, it explained:

"Even if the [Court of Appeals] and contemnor are correct that defendant did not make a sufficient showing that defendant is entitled to discovery of any item contained in the file, that was a matter on which defendant was entitled to appeal. Defendant thus showed good cause why the record should be preserved; without it, meaningful appeal might be impossible. The order was authorized, protected contemnor's asserted privilege, and would have had the effect of properly preserving the record on appeal. *See Wulff v. Sprouse-Reitz Co., Inc.*, 262 Or 293, 312, 498 P2d 766 (1972) (making requested file an exhibit was required to preserve error). The order

12

therefore was appropriate."

307 Or at 169.

The same is true here. Even if the trial court and the victim are determined to be correct that defendant was not entitled to subpoena or otherwise gain access to the clone in his criminal trial, that is a question that defendant is entitled take up in an appeal of his criminal case. The present order protects the victim's rights while preserving defendant's opportunity to challenge that ruling before the appellate courts. Within the limited range of issues properly in this court, the trial court did not err.

As noted earlier, the Deschutes County District Attorney has filed a response to the notice of appeal in this case. That response is aligned with the position of the victim. The district attorney, like the victim, argues that the trial court's order in this case violated the victim's right to refuse a discovery request under Article I, section 42. As already explained, we reject that argument.

The district attorney, however, makes two additional assignments of error not asserted by the victim. He contends that the trial court lacked statutory authority to enter the order and that the order violates the victim's rights against unreasonable search and seizure. We note that, although the district attorney was entitled to file his own petition for review, he did not do so. *See* ORS 147.535(5) (parties who have "standing to seek appellate review" include the victim and the prosecuting attorney).

It is uncertain whether, in this proceeding, this court has authority to consider the new issues raised by the district attorney. That is so because, regardless of their merit, they do not assert a violation of any right guaranteed to a victim under Article

13

I, sections 42 or 43. The statutory procedures set out in ORS 147.500 to ORS 147.550 relate to enforcement of the rights granted by those provisions of the Oregon Constitution; they do not appear to relate to other rights that a person may possess for reasons unrelated to the person's status as a crime victim. *See* ORS 147.504 (statutes are to "effectuate the provisions of sections 42 and 43, Article I of the Oregon Constitution"); ORS 147.515 (establishing mechanism for victim "to allege a violation of a right granted to the victim in a criminal proceeding by section 42 or 43, Article I of the Oregon Constitution"); ORS 147.520(1)(b) (if no party responds to claim of violation of victim's rights, trial court must determine whether there was "a violation of a right granted to the victim by section 42 or 43, Article I of the Oregon Constitution").

However, we do not need to decide that question, because we conclude that the new issues raised by the district attorney are not properly before this court. The legislature has imposed stringent deadlines for interlocutory appeals and petitions for review of orders involving crime victims' rights. For interlocutory appeals, the initiating document must be filed within seven days after the trial court issues the challenged order. ORS 147.537(8)(a). Respondents have seven days to respond, ORS 147.537(12); there is no provision for any party to reply. Absent unusual circumstances, 21 days after the initiating document is filed the matter must be entirely decided. ORS 147.537(16). Similarly stringent deadlines apply to petitions for review. *See* ORS 147.539 (with some exceptions, review follows procedure prescribed for interlocutory appeals under ORS 147.537). Here, the victim timely sought review in this court. As the petitioner, she was entitled to identify the issues on review. *See* ORS 147.537(4)(c)(A) (party filing notice

14

of appeal must include memorandum of law regarding questions presented and relief sought); ORS 147.539(1) (requiring same materials on petition for review). The district attorney chose not to file a petition for review. Defendant was given seven days to respond to the issues presented by the victim, and he did so. We conclude that assignments of error should be made by petitioners, not respondents; they should be made in a fashion that allows other respondents to respond to those assignments; and they should be made timely, so that this court has an opportunity to give the issues full consideration within the extremely short time frame permitted by law. We do not believe it is appropriate in these cases either to allow issues to be introduced by anyone other than a petitioner, or to allow new issues to be raised so late in this very truncated appellate process. Accordingly, we decline to consider the new issues raised by the district attorney.

The notice of interlocutory appeal is construed to be a petition for review under ORS 147.539, and the petition for review is allowed. The order of the circuit court is affirmed.