768 March 5, 2015 No. 5

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Respondent on Review,*
*v.*
ARNOLD WELDON NIX,
*Petitioner on Review.*
(CC CRH090155; CA A145386; SC S060875)

On review from respondent on review's Motion to Determine Jurisdiction, filed August 25, 2014, and petitioner on review's Motions to Dismiss Appeal and Vacate Opinions, filed November 13, 2014; considered and under advisement on November 14, 2014.*

Jamie K. Contreras, Assistant Attorney General, Salem, filed the motion for respondent on review. With her on the motion was Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

David J. Celuch, Portland, filed the motions for petitioner on review.

Erin J. Snyder, Deputy Public Defender, Salem, filed the brief for *amicus curiae* Office of Public Defense Services. With her on the brief was Peter Gartlan, Chief Defender.

Before Balmer, Chief Justice, and Kistler, Walters, Linder, Landau, and Baldwin, Justices.**

LANDAU, J.

This court's decision in *State v. Nix*, 355 Or 777, 334 P3d 437 (2014), and the Court of Appeals decision in *State v. Nix*, 251 Or App 449, 283 P3d 442 (2012), are vacated. The state's appeal is dismissed for lack of jurisdiction.

_____

\* Appeal from Umatilla County Circuit Court, Jeffrey M. Wallace, Judge. 251 Or App 449, 283 P3d 442 (2012), *aff'd*, 355 Or 777, 334 P3d 437 (2014).

\*\* Brewer, J., did not participate in the consideration or decision of this case.

**LANDAU, J.**

In this misdemeanor criminal case, the state appealed a judgment of conviction, challenging the lawfulness of the sentence. The Court of Appeals reversed and remanded for resentencing. *State v. Nix*, 251 Or App 449, 283 P3d 442 (2012). We affirmed the decision of the Court of Appeals. *State v. Nix*, 355 Or 777, 334 P3d 437 (2014). Shortly after our opinion was published, however, the state filed a motion to stay the issuance of the appellate judgment and a motion to determine jurisdiction; the state noted that, although it had prevailed on its appeal, it perhaps had lacked authority to file an appeal in the first place, because no statute authorizes it to appeal a judgment of conviction for a misdemeanor. Defendant responded by moving to vacate both opinions and dismiss the appeal.

For the reasons that follow, defendant's motions are well taken. We commend the state for bringing the matter to our attention. But we conclude that it lacked authority to appeal the judgment of conviction in this misdemeanor case. Both the Court of Appeals and this court lacked subject matter jurisdiction over the appeal. As a result, we vacate both opinions and dismiss the appeal.

The relevant facts are few and undisputed. Defendant was found guilty of 20 counts of second-degree animal neglect, a misdemeanor. ORS 167.325(2) (2009).[1] The state asked the trial court to impose sentence on 20 separate convictions. Defendant objected, arguing that violations "merge" into a single conviction under Oregon's anti-merger statute, ORS 161.067, when there are multiple violations of a single statute and only one victim. In this case, defendant argued, animals are not "victims" within the meaning of that statute, so the trial court should impose a sentence on a single, merged, conviction. The trial court agreed and did just that.

The state appealed, arguing that the trial court had erred in accepting defendant's contention that animals cannot be "victims" within the meaning of the anti-merger

---

[1] The legislature has since amended the statute to provide that second-degree animal neglect is now a felony if the offense was committed as part of a criminal episode involving 11 or more animals. ORS 167.325(3)(b).

statute. In its notice of appeal, it cited ORS 138.060(1)(e) as the basis for appellate jurisdiction. That provision authorizes the state to appeal a "judgment of conviction based on the sentence as provided in ORS 138.222." The state apparently relied on a subsection of the cross-referenced statute, ORS 138.222(4), that authorizes an appellate court to review a claim that "[t]he sentencing court failed to comply with the requirements of law in imposing or failing to impose a sentence."

Defendant did not contest the jurisdiction of the Court of Appeals to hear the state's appeal of his misdemeanor conviction. That court proceeded to review the state's appeal on the merits and, as we have noted, agreed with the state and reversed and remanded for resentencing. Defendant then sought review in this court, which we allowed, ultimately affirming the decision of the Court of Appeals.

Approximately two weeks later, the state moved the court to stay the issuance of the appellate judgment and entertain a motion to determine jurisdiction. The state asserted that it had come to its attention that, although ORS 138.222(4)—at least on the surface—appeared to permit an appeal on a claim that the trial court had erred in imposing a sentence in any case, closer inspection of the statute suggests that it actually applies only to appeals in felony cases. We granted the motion to stay issuance of the appellate judgment and solicited from the parties further briefing on the jurisdictional issue that the state raised. We also solicited a brief *amicus curiae* from the Office of Public Defense Services.

In response, the state acknowledged that, on further reflection, it "lacked a statutory basis to file a notice of appeal in this case," because no statute authorizes the state to appeal a judgment of conviction for a misdemeanor. The state argued that this court nevertheless had jurisdiction, "because it could have heard the case in mandamus."

Defendant argued that, because the state lacked authority to appeal a judgment of conviction for a misdemeanor, the appellate courts lacked jurisdiction, and this court should vacate the opinions of both appellate courts

and dismiss the appeal. OPDS, in an excellent and helpful *amicus* brief, likewise argued that the state lacked the statutory authority to appeal and that we should vacate both opinions and dismiss the appeal.

The state rejoined that, even if this court lacked jurisdiction over the appeal, defendant has failed to establish that he is entitled to the "extraordinary remedy" of vacatur. The state argued that we should deny the motions to vacate and dismiss the appeal.

Thus framed, the parties' arguments present a sequence of three potential questions for us to answer: (1) Did the state have statutory authority to appeal the judgment of conviction for a misdemeanor? (2) If not, does this court nevertheless have jurisdiction over the case because the state could have filed a petition for a writ of mandamus? And (3), if not, should we vacate the opinions and dismiss the appeal? We address each question in turn.

1.  *Did the state have authority to appeal the judgment of
    conviction for a misdemeanor?*

There is no inherent right to an appeal. *State v. McAnulty*, 356 Or 432, 438, 338 P3d 653 (2014). Instead, the right to appeal must be statutorily authorized. *Waybrant v. Bernstein*, 294 Or 650, 653, 661 P2d 931 (1983). The statute authorizing an appeal may include limitations on the issues that may be reviewed in an appeal. *Logsdon v. State and Dell*, 234 Or 66, 70, 380 P2d 111 (1963). In that regard, it is worth emphasizing that, although the terms are sometimes inadvertently used interchangeably,[2] "appealability" and "reviewability" are not the same. *State v. Montgomery*, 294 Or 417, 420, 657 P2d 668 (1983). "Appealability" generally concerns whether an appeal may be taken at all. *Id*. "Reviewability" concerns what type of decisions and rulings the appellate court may consider in a case that is appealable. *Id*.

---

[2] For example, in *State v. Loyer*, 303 Or 612, 616, 740 P2d 177 (1987), this court referred to ORS 138.050—a statute describing judgments that may be appealed—as a statute that limits the "scope of review." As we noted in *State v. Cloutier*, 351 Or 68, 89 n 1, 261 P3d 1234 (2011), that is not correct, although the phrasing made no difference in the context of that particular case.

   An appellate court lacks subject matter jurisdiction over an appeal from a judgment that is not appealable. *Young v. Hill*, 347 Or 165, 170, 218 P3d 125 (2009). Thus, because the issues before us implicate our jurisdiction, we have an independent duty to determine whether the state's appeal was statutorily authorized, regardless of the state's concession that it was not. *State v. Shaw*, 338 Or 586, 599, 113 P3d 898 (2005). Likewise, we have an obligation to acknowledge the existence of jurisdiction if our review reveals it. *State v. Ainsworth*, 346 Or 524, 538 n 16, 213 P3d 1225 (2009).

   As we have noted, the state cited ORS 138.060(1)(e) as authorizing its appeal. That statute provides that "[t]he state may take an appeal from the circuit court *** to the Court of Appeals from *** [a] judgment of conviction based on the sentence as provided in ORS 138.222." ORS 138.222, which generally concerns appeal and review of felony convictions, includes a subsection, ORS 138.222(4)(a), that provides, "[*i*]*n any appeal*, the appellate court may review a claim that *** [t]he sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence." (Emphasis added.)[3] The question before us is

_____

   [3] ORS 138.222 provides, in part:

   "(1) Notwithstanding the provisions of ORS 138.040 and 138.050, a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided by this section.

   "(2) Except as otherwise provided in subsection (4)(c) of this section, on appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court may not review:

   "(a) Any sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission.

   "(b) A sentence of probation when the rules of the Oregon Criminal Justice Commission prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure.

   "(c) A sentence of imprisonment when the rules of the Oregon Criminal Justice Commission prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure.

   "(d) Any sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record.

   "(e) Except as authorized in subsections (3) and (4) of this section, any other issue related to sentencing.

   "(3) In any appeal from a judgment of conviction imposing a sentence that departs from the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission, sentence review is limited to whether

whether those two statutes, in conjunction, confer authority on the state to appeal a judgment of conviction for a misdemeanor to challenge the lawfulness of the sentence imposed.

On the bare text of the statutes, the answer appears doubtful. ORS 138.060(1)(e) does authorize the state to appeal, "as provided in ORS 138.222." Yet that cross-referenced statute pertains to appeals of *felony* convictions only. It is true that ORS 138.222(4) refers to an appeal "in any case," without limiting its effect to felonies. But that subsection does not authorize the state to appeal anything; rather, it refers to the issues that may be reviewed in a case that is otherwise appealable. Moreover, a careful examination of the history and context of the statute as a whole makes clear that the statute does not confer authority to appeal a judgment of conviction in a misdemeanor case.

Historically, the authority of the state to appeal in criminal cases was narrowly circumscribed. The Deady Code of 1864 authorized the state to appeal in only two

---

the sentencing court's findings of fact and reasons justifying a departure from the sentence prescribed by the rules of the Oregon Criminal Justice Commission:

"(a) Are supported by the evidence in the record; and

"(b) Constitute substantial and compelling reasons for departure.

"(4) In any appeal, the appellate court may review a claim that:

"(a) The sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence;

"(b) The sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes; or

"(c) The sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700 or 137.707.

"* * * * *

"(7) Either the state or the defendant may appeal a judgment of conviction based on the sentence for a felony committed on or after November 1, 1989, to the Court of Appeals subject to the limitations of chapter 790, Oregon Laws 1989. The defendant may appeal under this subsection only upon showing a colorable claim of error in a proceeding if the appeal is from a proceeding in which:

"(a) A sentence was entered subsequent to a plea of guilty or no contest;

"(b) Probation was revoked, the period of probation was extended, a new condition of probation was imposed, an existing condition of probation was modified or a sentence suspension was revoked; or

"(c) A sentence was entered subsequent to a resentencing ordered by an appellate court or a post-conviction relief court."

circumstances, namely, after a trial court issued a judgment on a demurrer to the indictment and after a court issued an order arresting judgment. *See generally State v. Robertson*, 293 Or 402, 404-05, 649 P2d 569 (1982) (summarizing early history of state authority to appeal in criminal cases). Beginning in 1963, the legislature gradually added to the list of trial court orders that the state may appeal. *See generally State v. Carrillo*, 311 Or 61, 66-67, 804 P2d 1161 (1991) (detailing amendments to ORS 138.060 from 1963 to 1989 that broadened state's right to appeal). By 1989, the state was authorized to appeal from four types of orders:

> "(1)   An order made prior to trial dismissing or setting aside the accusatory instrument;
>
> "(2)   An order arresting the judgment;
>
> "(3)   An order made prior to trial suppressing evidence; [and]
>
> "(4)   An order made prior to trial for the return or restoration of things seized."

ORS 138.060 (1987).

In 1989, the legislature enacted legislation essentially overhauling the state's sentencing law and approving what became known as the "sentencing guidelines." Or Laws 1989 ch 790. In brief, the new legislation provided that, for felonies committed on or after November 1, 1989, trial courts must impose a presumptive sentence determined by reference to rules of the State Sentencing Guidelines Board (now the Oregon Criminal Justice Commission), unless the courts make certain findings that justify a departure from the presumptive sentence. *See generally State v. Davis*, 315 Or 484, 486-88, 847 P2d 834 (1993) (summarizing sentencing guidelines legislation).

As part of the larger package of legislation concerning the new sentencing law, the legislature enacted two statutes of relevance to this case. The first is what is now ORS 138.222. Or Laws 1989, ch 790, § 21. That statute both authorizes appeals and specifies what issues may be reviewed in those appeals. *See generally Cloutier*, 351 Or at 90-91 (describing scope of ORS 138.222). On the subject of

appealability, the statute provides that "[e]ither the state or the defendant may appeal a judgment of conviction based on the sentence for a felony committed on or after November 1, 1989, to the Court of Appeals." ORS 138.222(7). The statute nowhere mentions authority to appeal a judgment of conviction in a misdemeanor case.

On the subject of reviewability, the statute then provides that "a sentence imposed for a judgment of conviction entered for a felony" committed after the effective date of the sentencing guidelines "may be reviewed only as provided by this section." ORS 138.222(1). Following that, the statute first sets out a list of which issues may *not* be reviewed on appeal "from a judgment of conviction entered for a felony." ORS 138.222(2). It next provides that, in an appeal from a judgment of conviction imposing a departure sentence, appellate court review is limited to whether the sentencing court's findings are supported by evidence in the record and whether the court's reasons for the departure are "substantial and compelling." ORS 138.222(3). That subsection does not say that it is limited to sentences imposed on felony convictions, but the wording makes that intention clear; it refers to the challenge of a sentence that "departs from the presumptive sentence" prescribed by the sentencing guidelines that apply to felony convictions only.

Then, in ORS 138.222(4), the statute provides that,

"In any appeal, the appellate court may review a claim that:

"(a)   The sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence;

"(b)   The sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes; or

"(c)   The sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700 or 137.707.

That subsection does begin with the words "[i]n any appeal." But, in context, there can be no mistake that the reference is to an appeal taken under ORS 138.222: that is, an appeal

of a judgment of conviction for a felony committed on or after the effective date of the sentencing guidelines. To begin with, ORS 138.222(1) specifies that the subsections that follow list the issues that are, and are not, reviewable in an appeal concerning "a sentence imposed for a judgment of conviction entered for a felony" on or after the effective date of the sentencing guidelines legislation. Consistently with that specification, ORS 138.222(4) itself refers to review of a claim that the trial court erred in, among other things, "ranking the crime seriousness classification" of the relevant crime, which pertains to the sentencing guidelines that apply to felony convictions only. ORS 138.222(4)(b).

This court reached the same conclusion about the scope of ORS 138.222 generally in *Cloutier*. At issue in that case was whether a defendant who had pleaded no contest to a misdemeanor offense could appeal the conviction to challenge the lawfulness of the sentence imposed. The court reviewed the history of the criminal appeal statutes and concluded that "appeal and review of sentences imposed for felonies committed after November 1, 1989, are governed by ORS 138.222." 351 Or at 91. Appeal and review of sentences for misdemeanor offenses, the court explained, are authorized by other statutes—specifically, ORS 138.040 and ORS 138.050. *Id*. Both of those statutes authorize a criminal defendant to appeal in specified circumstances; neither authorizes the state to take an appeal.

The second statute that the legislature enacted as part of its 1989 sentencing guidelines legislation was an amendment to ORS 138.060. Or Laws 1989, ch 790, § 21a. Recall that, as of that date, ORS 138.060 authorized the state to appeal four types of trial court orders only. Given that ORS 138.222(7) authorized the state to appeal a judgment of conviction for a felony committed on or after the effective date of the sentencing guidelines, the legislature needed to amend ORS 138.060 to reflect that additional basis for a state's appeal. Accordingly, it amended the statute to provide, as it now states, that "[t]he state may take an appeal from the circuit court *** to the Court of Appeals from *** [a] judgment of conviction based on the sentence as provided in ORS 138.222."

Thus, in the context of the other legislation of which the amendment to ORS 138.060 was a part, it becomes clear that the authorization of the state to appeal "as provided in ORS 138.222" refers to the authority of the state to appeal *in felony cases only*, as provided in ORS 138.222. ORS 138.060 does not authorize the state to appeal a judgment of conviction for a misdemeanor. The state points to no other statutory basis for appealing such a conviction.

2.   *Does this court nevertheless have jurisdiction because the state could have filed a petition for a writ of mandamus?*

The state argues that, even if we conclude that ORS 138.060 does not authorize its appeal of defendant's misdemeanor conviction in this case, this court still has appellate jurisdiction "because it could have heard the case in mandamus." In support, the state cites to *State v. Bray*, 352 Or 809, 816-17, 291 P3d 727 (2012), and *Mueller v. Benning*, 314 Or 615, 620-21, 841 P2d 640 (1992).

Whether this court could have exercised original jurisdiction in mandamus, the fact remains that, in this case, the state did not file a petition for a writ of mandamus. It filed a notice of appeal with the Court of Appeals. The state has not asked that we consider that notice as a petition for a writ of mandamus. Nor could we do so. Among other things, the notice was filed with the Court of Appeals, not the Supreme Court, and it does not contain any of the information required by ORAP 11.05, such as a statement of material facts; a statement why the petition is timely; a statement why there exists no plain, speedy, and adequate remedy in the ordinary course of law; and a memorandum of law supporting the petition for the writ. Nor was it served on the judge whose action is challenged. ORS 34.250(3). That service is not a mere formality, for a judge whose action is challenged in mandamus may seek to intervene in the proceeding. ORS 34.250(4). The state does not suggest, and we are not aware, of any other filing that might reasonably be construed as a petition for a writ of mandamus.

Neither of the cases on which the state relies supports the proposition that the state's notice of appeal was sufficient to confer jurisdiction because of the possibility

that the state *could have* instead filed a petition for a writ of mandamus following the trial court's sentencing decision. In *Bray,* the trial court, after sentencing, ordered the victim to produce certain evidence so that it could be preserved pending the defendant's appeal. 352 Or at 811, 816. The victim filed a notice of interlocutory appeal, challenging the trial court's order. *Id.* at 814. The state argued that the victim's notice of appeal was improper, as relevant statutes permitted such an interlocutory appeal only to challenge orders entered before sentencing. This court agreed. The court did not dismiss the appeal, however. It noted that the victim had simply "mislabeled" the document initiating her appeal; it should have been denominated a "petition for review." *Id.* at 816. The court noted that the initiating document that she had filed "was timely and contained all the same documents required for a petition." *Id.* Under the circumstances, the court concluded that it was appropriate to construe the mislabeled initiating document as a petition for review.

In this case, by contrast, the state's notice of appeal did not contain all the same information required for a petition for a writ of mandamus; it was not even filed with the correct court to initiate such a proceeding. It is not a case of merely mislabeling an initiating document.

*Mueller* similarly involved a case of mislabeling a claim for relief. The petitioner had been found guilty except for insanity and committed to the jurisdiction of the Psychiatric Security Review Board. 314 Or at 617. He sent a letter to the Marion County Circuit Court complaining about the adequacy of his representation at the criminal trial and on appeal. The court construed the letter as a petition for a writ of habeas corpus and, after a hearing, denied relief. *Id.* When the petitioner appealed, the state argued that the court had lacked jurisdiction, because a petition for post-conviction relief was the petitioner's sole remedy. *Id.* This court disagreed, concluding that "the mislabeling of the claim does not deprive the court of jurisdiction." *Id.* at 620.

Again, in this case, the state is not asking us to overlook a mislabeled claim. The state is asking us to conclude that, although it did not timely file a petition for a

writ of mandamus containing all the required information, because it *could have* done so, we should treat its notice of appeal as having the effect of triggering original jurisdiction in mandamus. No case of which we are aware stands for that proposition.

3.  *Should we vacate the opinions and dismiss the state's appeal?*

There remains the question of the proper disposition of this appeal in light of the fact that neither the Court of Appeals nor this court had subject matter jurisdiction to decide it. Defendant asks us to vacate the opinions. Amicus OPDS concurs, arguing that under *Yancy v. Shatzer*, 337 Or 345, 362-63, 97 P3d 1161 (2004), we are required to vacate both opinions because both the Court of Appeals and this court lacked subject matter jurisdiction over the appeal. The state argues that vacatur is an extraordinary remedy to which defendant has failed to show an equitable entitlement. The state contends that the issue that the appeal presented was one of significance, and the public interest in published judicial opinions would be diminished were we to vacate the decisions of the appellate courts.

The arguments of the parties reveal some tension in this court's case law. On the one hand, decisions such as *Yancy* declare categorically that courts of this state lack judicial power to act in an absence of justiciability or subject matter jurisdiction. *See State v. Hemenway*, 353 Or 498, 504, 302 P3d 413 (2013) ("*Yancy* [and another case], while not focusing on vacatur, unambiguously hold that Oregon courts are without jurisdiction to decide moot cases."); *Shaw*, 338 Or at 599 (in the absence of appellate jurisdiction, this court "lacks judicial power to resolve any substantive issues" in an appeal). From that line of authority, it necessarily follows that any decision issued at a time when the court lacked judicial power to act should be vacated. *See Hemenway*, 353 Or at 504 (so noting).

On the other hand, in *Terhune v. Myers*, 342 Or 376, 153 P3d 109 (2007), the court decided not to vacate a decision that had been issued after the case had become moot. In that case, the petitioners sought judicial review of a certified ballot title. After briefing, the matter was submitted

and taken under advisement. Shortly after that, the chief petitioner for the initiative measure withdrew it. No one informed this court, however. The court proceeded to issue an opinion referring the ballot title to the Attorney General for modification. Following the issuance of that opinion, the Attorney General moved to dismiss the proceeding as moot and moved to vacate the court's opinion. *Id*. at 378-79.

This court granted the motion to dismiss on mootness grounds, but it denied the motion to vacate the opinion. Explaining its decision to deny the motion to vacate, the court mentioned that whether the court had jurisdiction to issue the decision in the first place is a relevant consideration. *Id*. at 381. Nevertheless, it concluded that "the Attorney General presents no argument that unfairness or inequity will result from a denial of vacatur in this case." *Id*. The court did not mention further the fact that the case had become moot *before* it had issued its opinion.

The two lines of cases are difficult to reconcile. But this case does not require that we do so, for either set of precedents requires that we vacate the opinions in this case. As we have noted, under *Yancy*, the fact that both the Court of Appeals and this court lacked judicial power under Article VII (Amended) to issue opinions in this case requires that we vacate the opinions.

The same result is required under *Terhune*, which requires a consideration of equitable factors, only one of which is whether a court had jurisdiction at the time it issued an opinion. In this case, the want of subject matter jurisdiction weighs especially heavy, however. Unlike *Terhune*, the appellate courts in this case *never* had jurisdiction. *See Kerr v. Bradbury*, 340 Or 241, 251, 131 P3d 737 (2006) (declining to vacate an opinion rendered moot after issuance because, "this is not a situation in which the Court of Appeals ought not have rendered a decision on the merits"). It is true that, as the state suggests, the public has an interest in published decisions of this court. But that consideration, by itself, cannot justify declining to vacate the opinions in this case, as the same could be said in virtually any case in which there is a motion to vacate. Moreover, were we to decline to vacate the opinions, we would be, in effect, sanctioning

an "end run"—however inadvertently caused—around the legislature's considered policy choice not to permit the state to appeal judgments of conviction in misdemeanor cases. *Cf. State ex rel Marbet v. Keisling*, 314 Or 235, 238, 838 P2d 585 (1992) (declining to exercise original mandamus jurisdiction because doing so would thwart "[t]he limited judicial review policy established by the legislature").

In this case, the appellate courts never had appellate jurisdiction; the state lacked authority to appeal defendant's judgment of conviction for a misdemeanor. Although neither the state nor defendant raised the issue of jurisdiction until after both the Court of Appeals and this court issued their opinions, the fact remains that neither court possessed authority to issue an opinion.

This court's decision in *State v. Nix*, 355 Or 777, 334 P3d 437 (2014), and the Court of Appeals decision in *State v. Nix*, 251 Or App 449, 283 P3d 442 (2012), are vacated. The state's appeal is dismissed for lack of jurisdiction.