On appellant's motion to determine jurisdiction filed May 27, motion to determine appealability granted. Appeal dismissed November 2, 2016, petition for review denied February 2, 2017 (360 Or 852)

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## ERIC EUGENE WENNING,
*Defendant-Respondent.*

Linn County Circuit Court
15CR28315; A162268

386 P3d 1

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, for motion.

Before Egan, Presiding Judge, and Lagesen, Judge.

**EGAN, P. J.**

The state appeals a circuit court order denying the state's motion *in limine* to allow defendant's statements to be admitted as admissions, and moves for a determination of whether the order is appealable under ORS 138.060. The motion to determine appealability is allowed. We conclude that the order is not appealable and dismiss the appeal.

Defendant is charged with two counts each of sodomy and sexual abuse of his then two-year-old daughter. Defendant made statements to his now ex-girlfriend concerning the alleged abuse in person, in text messages, and in recordings of a pretext telephone call after his ex-girlfriend contacted the police. Before trial, the state filed a motion requesting the trial court to determine that defendant's statements were admissions, not confessions. The significance of that determination is that, where the only evidence that an offense has been committed is a person's confession, there must be corroborating evidence. ORS 136.425.[1] The trial court determined that defendant's statements were confessions. The state asserts that it has no corroborating evidence that the offenses were committed. The state argues that, if the case proceeds to trial, the statements would not be admissible as evidence that the charged offenses were committed. The state intends to argue on appeal that the trial court should have determined that the statements were admissions. In that event, defendant's statement, alone, would be sufficient evidence that the charged offenses had been committed, as well as sufficient evidence that defendant committed those offenses.

The legislature has conferred limited jurisdiction on this court to hear and decide appeals by the state in criminal cases. ORS 138.060 (identifying trial court decisions that state may appeal in criminal cases). The state's motion presents the issue of whether a trial court order determining that a defendant's statement is a confession is appealable under ORS 138.060, which, in material part, provides:

---

[1] ORS 136.425(2) provides:

"Except as provided in ORS 136.427, a confession alone is not sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed."

"(1)  The state may take an appeal *** from:

"(a)  An order made prior to trial dismissing or setting aside the accusatory instrument;

"*****

"(c)  An order made prior to trial suppressing evidence[.]"

The trial court's order does not dismiss or set aside the accusatory instrument. Nor does the trial court's order suppress evidence. By its terms, the order does not rule that evidence is not admissible; it simply rules that the statements at issue are confessions, alerting the state that it likely will need to introduce corroborating evidence in order to make a case against defendant that is sufficient to withstand a motion for judgment of acquittal. Therefore, ORS 138.060 does not expressly authorize the appeal. *See State v. Nix*, 356 Or 768, 345 P3d 416 (2015) (state may not appeal from a judgment of conviction to challenge a sentence imposed on conviction of misdemeanor case because it is not expressly allowed by ORS 138.060).

Motion to determine appealability granted. Appeal dismissed.