Submitted on record and briefs February 21, affirmed April 17, 1978

STATE OF OREGON, *Respondent,*
*v.*
WYATT EARL BRUSSEAU, *Appellant.*
(No. T7-5761, CA 9634)
577 P2d 529

James S. Drew, Bend, filed the brief for appellant.

James A. Redden, Attorney General, Al J. Laue, Solicitor General, and William F. Nessly, Jr., Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from his conviction of reckless driving, ORS 487.550, and contends on appeal that the evidence presented at trial was insufficient for conviction.

In July, 1977, defendant was driving his car in a reckless manner on Stirrup Drive, a road located entirely within a private housing development in Deschutes County. Though an employe of the development testified that none of the roads in the development, including Stirrup Drive, were intended for public use, several of the residents of the development testified that the general public uses the roads with some frequency in order to gain access to a river which forms a boundary to the development. One resident testified that she had been asked by the managers of the development not to question members of the public using the roads, as the developers wanted people to come and view lots which were for sale. A sign posted at the entrance to the development states that the development is private property and intended for the use of the residents and their guests. There is no gate at the entrance to the development, and there is nothing to physically impede any member of the general public from using the roads in the development, including Stirrup Drive, if they so desire.

ORS 487.550(1) provides:

"A person commits the crime of reckless driving if he drives a vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others."

ORS 487.005(8) defines a "highway" as:

"* * * every public way, thoroughfare and place, including bridges, viaducts and other structures within the boundaries of this state, used or intended for the use of the general public for vehicles * * *."

Though the state does not contend that Stirrup Drive is a "public way," this does not end the inquiry,

[ 503 ]

for ORS 487.535(1)[1] expands the scope of ORS 487.550 to also include offenses committed on "premises open to the public." ORS 487.535(2) defines "premises open to the public" as:

> "* * * any premises open to the general public for the use of motor vehicles, whether the premises are publicly or privately owned and whether or not a fee is charged for the use of the premises."

Apparently ORS 487.535 was passed by the legislature in 1975 out of a concern that private roads and parking lots not become a "refuge" where drivers might drive recklessly with impunity. Minutes, Interim Committee on the Judiciary, August 30, 1974, p 63. Though the primary concern of the interim committee was directed at shopping center parking lots, one member noted that the serious traffic offenses specified by ORS 487.535(1) could be committed by persons driving on a long driveway to a private home so long as the property was held out as being generally open to the public by business invitation. One member of the committee, as well as a witness, noted that the private parking areas for apartments and condominiums would not fall under the purview of ORS 487.535. Minutes, Interim Committee on the Judiciary, September 24, 1974, p 14.

ORS 487.535 is modeled in part after a similar Massachusetts statute which provides:

> "Whoever upon any way or in any place to which the public has a right of access, or any place to which members of the public have access as invitees or licensees, operates a motor vehicle recklessly, or operates such a vehicle negligently so that the lives or safety of the public might be endangered * * * shall be punished * * *." Mass Gen Laws Ann, ch 90, § 24(2) *(a)* (1969). *See* Minutes, Interim Committee on the Judiciary, September 24, 1974, p 13.

---

[1] ORS 487.535(1) provides that "[t]he provisions of chapter 451, Oregon Laws 1975, relating to the major traffic offenses defined in ORS 487.530 apply upon any premises open to the public." Reckless driving is a major traffic offense. ORS 487.530(1).

"Invitees" and "licensees" are persons who enter property either with the consent of the owner or to transact business with the owner. *See,* Prosser, Torts 376, 385, § 60 (4th ed 1971).

■■ In light of this background, we construe "open to the public" to mean, at the least, roads to which the public has been given access for the purpose of encouraging business with the owner of the roads.[2] Thus the question in this case becomes whether there was any probative evidence that Stirrup Drive was open to the public. The relevant testimony detailed above constitutes such evidence.

Affirmed.

---

[2] We need not now discuss what other roads or property may fall within the scope of ORS 487.535.