Argued and submitted October 18, reversed and remanded December 29, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# MITCHELL PATTEN SCOTT,
*Appellant.*

## (No. DU 14024, CA A25020)

655 P2d 1094

Mary M. Dick, Portland, argued the cause for appellant. With her on the brief was Lauren M. Underwood, Portland.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

### YOUNG, J.

Defendant appeals his conviction for driving under the influence of intoxicants, ORS 487.540, contending that the evidence was insufficient for conviction and that an instruction defining "premises open to the public," ORS 487.535.(2) was in error. We reverse.

Defendant is the owner of a condominium in Tanasbrook, a privately-owned condominium development. On September 29, 1981, he was cited for driving under the influence on a street within the development. The entrance to the development is marked with signs stating "private property," "no trespassing" and "no soliciting." A lake owned by the development is posted with signs restricting its use to residents and their guests. The manager of the Homeowners Association testified that, although while those with a legitimate business purpose, such as garbage collectors, meter readers and paper carriers, are allowed on the premises, those without such a purpose may be asked to leave. A security guard was hired to patrol the development, and the streets have "speed bumps." The public was invited on the property to view condominiums for sale or rent, and until recently a sign had been posted at the entrance inviting the public to view a model condominium unit. A deputy sheriff testified that he considered the complex to be part of his routine patrol area and that there was no physical barrier to keep traffic out. Condominium owners are not required to give advance notice in order for guests to enter the development.

■ Driving while under the influence of intoxicants is a major traffic offense. ORS 487.530(2). ORS 487.535[1] provides:

"(1)  Major traffic offenses defined in ORS 487.530, failure to display an operator's license as set forth in ORS 482.655 and Class A traffic infractions apply upon any premises open to the public.

"(2)  As used in subsection (1) of this section, 'premises open to the public' includes any premises open to the general public for the use of motor vehicles, whether the

---

[1] After defendant was charged, amendments to ORS 487.530 and ORS 487.535, became effective November 1, 1981. Or Laws 1981, ch 818, §§ 43, 44. The amendments are not pertinent to this appeal.

premises are publicly or privately owned and whether or not a fee is charged for the use of the premises."

Whether the streets within the development are open to the general public is a question of fact for the jury. *See State v. Mulder,* 290 Or 899, 904, 629 P2d 816 (1981); *State v. Brusseau,* 33 Or App 501, 505, 577 P2d 529 (1978).

The statutory definition, ORS 487.535(2), allows the consideration of various factors. It does not limit the inquiry to whether the premises are publicly or privately owned. In *State v. Mulder, supra,* the court stated:

"As we read the Legislative history of ORS 487.535, the primary purpose of the statute was to enlarge the zone of statutory protection of the public for * * * traffic offenses from public highways to 'non-highway locations that are open to the general public for use of motor vehicles' and where persons and their vehicles are subject to danger by drunken, reckless, unlicensed and 'hit and run' drivers * * *." 290 Or at 903.

Legislative history also indicates that the statute's coverage was broadened "out of a concern that private roads and parking lots not become a 'refuge' where drivers might drive recklessly with impunity." *State v. Brusseau, supra,* 33 Or App at 504.

■ ■ The focus of the inquiry is, therefore, the actual use of the premises and its accessibility to the general public. Although defendant presented evidence that the intention of the condominium owners was to restrict public access, the evidence was that the actual use of the streets did include the general public and that access to the premises was not effectively or systematically restricted. There was sufficient evidence for the jury to find beyond a reasonable doubt that the streets of the development were premises open to the public. *Jackson v. Virginia,* 443 US 307, 99 S Ct 2781, 61 L Ed 2d 560 (1979).

■ Defendant next argues that the following jury instruction was erroneous:

"The term 'premises open to the public' includes any premises open to the general public, or from which there is no attempt to block off members of the public, regardless of whether the premises are publicly or privately owned and whether or not a fee is charged for the use of the premises."

Defendant contends that this instruction erroneously extends the definition of "premises open to the public." The state maintains that the instruction does not materially misstate the law.

It appears that the phrase "or from which there is no attempt to block off members of the public" was taken from the stipulated facts in *State v. Mulder, supra,* where the court referred to the failure to "block off"—that is, physically obstruct—the street as a factor to consider in determining whether there was sufficient evidence to uphold a conviction. This factual consideration did not expand the statutory definition contained in ORS 487.535(2). The trial court's injection of the phrase in the instruction could have led the jury to believe that a failure to "block off" public access was determinative of the issue when that is clearly not required by the statute. This misstatement of the law is made apparent by considering a situation involving a parking lot open to the public but controlled by an automated barrier for the purpose of issuing timed parking tickets. The instruction could lead to the anomalous result that the lot be found to be not open to the public. It was error to give the instruction. We cannot say that the error was harmless.

Reversed and remanded for new trial.