498 April 25, 2013 No. 19

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Respondent on Review*,

*v.*

LELAND JAY HEMENWAY,
*Petitioner on Review*.

(CC 071107; CA A136981; SC S059085 (Control))

STATE OF OREGON,
*Petitioner on Review*,

*v.*

LELAND JAY HEMENWAY,
*Respondent on Review*.

(S059392)

(Consolidated)

En Banc

On petition for reconsideration filed January 31, 2013, and motion to vacate filed February 4, 2013.*

Peter Gartlan, Chief Defender, Office of Public Defense Services, Salem, filed the petition for reconsideration, the motion to vacate, and the reply for Leland Jay Hemenway, petitioner on review/respondent on review.

Rolf Moan, Assistant Attorney General, Salem, filed the response for State of Oregon, respondent on review/ petitioner on review. With him on the response were Mary H. Williams, Deputy Attorney General, and Anna M. Joyce, Solicitor General.

BALMER, C. J.

This court's decision in *State v. Hemenway*, 353 Or 129, 295 P3d 617 (2013), is vacated as moot; the Court of Appeals decision, *State v. Hemenway*, 232 Or App 407, 222 P3d 1103

---

* 353 Or 129, 295 P3d 617 (2013).

(2009), is vacated; and the judgment of conviction is vacated. Defendant's petition for reconsideration is dismissed as moot.

**BALMER, C. J.**

This court issued its decision in this case on January 10, 2013. *State v. Hemenway*, 353 Or 129, 295 P3d 617 (2013). That decision reversed the decision of the Court of Appeals and affirmed defendant's judgment of conviction for possession of methamphetamine. On January 31, 2013, defense counsel filed a petition for reconsideration, asking the court to reconsider and modify or reverse its decision or, at a minimum, to remand the case to the trial court for additional proceedings consistent with this court's opinion. On February 4, 2013, defense counsel filed a notice pursuant to ORAP 8.45 informing the court that defendant had died more than a year before, on January 27, 2012, and contending that the case therefore was moot. Defense counsel also moved to vacate this court's opinion and the judgment of conviction. Defense counsel argues that, because defendant's death rendered the case moot as of January 2012, the case necessarily was moot at the time this court issued its decision, and the appropriate disposition is to vacate that decision. Defense counsel further asserts that, because (1) the proper disposition of the case—as argued in the petition for reconsideration—is to remand to the trial court for further proceedings, and (2) defendant's death means that he cannot take steps in the trial court to undo his conviction, this court also should vacate the judgment of conviction. The state opposes the motion to vacate, arguing that "the public interest in leaving the court's decision undisturbed far outweighs any equitable interests supporting vacatur." For the reasons that follow, we vacate this court's decision and the decision of the Court of Appeals and vacate defendant's judgment of conviction.

The motion before us involves the related but distinct issues of mootness and vacatur. This court consistently has held that Oregon courts have no authority to decide moot cases: The judicial power granted to courts under the Oregon Constitution is "limited to the adjudication of an existing controversy." *Yancy v. Shatzer*, 337 Or 345, 362, 97 P3d 1161 (2004). When the court is asked to decide "a matter that no longer is a controversy between the parties[,] Article VII (Amended), section 1, of the Oregon Constitution constrains

us from doing so." *Id.* at 363. In *Yancy*, Portland police, acting pursuant to a city ordinance, had issued the petitioner a citation excluding him from two city parks for a period of 30 days. After the exclusion period expired, the petitioner sought to challenge the exclusion citation in circuit court, and the circuit court ruled against the petitioner on the merits. The petitioner appealed to the Court of Appeals, which "observed that the case was moot, because the exclusion period had expired and ordered the circuit court to vacate its judgment and dismiss the matter as moot." *Id.* at 347. On review, this court agreed with the Court of Appeals and affirmed. The court reaffirmed cases holding that the judicial power extends only to "justiciable controvers[ies]," which require an "'actual and substantial controversy between parties having adverse legal interests.'" *Id.* at 349 (quoting *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982)). If, because of changed circumstances, a "'decision no longer will have a practical effect on or concerning the rights of the parties,'" the case is moot and will be dismissed. *Yancy*, 337 Or at 349 (quoting *Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993)).

The state does not dispute that this case became moot when defendant died and thus was moot before this court issued its decision. Rather, the state argues that the court nevertheless should decline to exercise its equitable power to vacate its decision. The state cites *Kerr v. Bradbury*, 340 Or 241, 131 P3d 737, *adh'd to on recons*, 341 Or 200, 140 P3d 1131 (2006), for the propositions that vacatur is an exercise of the court's equitable power and is dependent on the circumstances of a particular case, that vacatur is an "'extraordinary remedy'" to which a party must show an "'equitable entitlement,'" that choices regarding vacatur must take into account the public interest, and that "'[j]udicial precedents are presumptively correct and valuable to the legal community as a whole.'" 340 Or at 247, 250 (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 US 18, 26, 115 S Ct 386, 130 L Ed 2d 233 (1994)).

Applying those principles, the state argues that our decision in *Hemenway* clarified prior decisions regarding the exclusionary rule in consent-search cases by modifying

the analysis set out in *[State v. Hall](#)*, 339 Or 7, 115 P3d 908 (2005). It asserts that, if *Hemenway* is vacated, the result will be confusion in the lower courts and the bar because of the uncertain status of *Hall*. That uncertainty and resulting inefficiency are contrary to the public interest, the state argues, because the validity of consent searches is an issue in a large number of pending cases. The state contrasts that substantial public interest with the "minimal" interest that defendant, now deceased, has in vacating this court's decision. The state points out that the fact that the case was moot at the time that it was decided—and that this court likely would not have decided the case had it known of the mootness *before* its decision—is only one of the "nonexhaustive list of factors" that may be considered in deciding whether to vacate the decision. The state also cites *[Terhune v. Myers](#)*, 342 Or 376, 153 P3d 109 (2007), where the court declined to vacate a decision in a ballot title case, even though, unbeknownst to this court, the underlying controversy had become moot months before the decision had issued.

        The state acknowledges the presumptive rule set out in ORAP 8.05(2)(c)(ii) that, if a criminal defendant dies while the defendant's appeal of the conviction is pending and the defendant has made an assignment of error that, if successful, would result in reversal of the conviction, the appellate court "will vacate the judgment and dismiss the appeal."[1] It notes, however, that the rule creates a

---

[1] ORAP 8.05(2) provides, in part:

"(a) Any party who learns of the death of a defendant in a criminal case that is pending on appeal shall notify the court and all other parties of the death within 28 days after learning of the death. Any party may move to dismiss the appeal.

"(b) If the appeal is from a judgment of conviction and sentence, the party filing the notice also may, concurrently with filing the notice of the defendant's death, file a memorandum addressing whether the court should dismiss the appeal or vacate the judgment, or both. Within 28 days after the filing of the notice of the defendant's death, any other party or interested person may file a memorandum addressing the same issues.

"(c) The following are presumptive dispositions under this subsection:

"(i) For a state's appeal, the court will dismiss the appeal.

"(ii) For a defendant's appeal, if the defendant has made an assignment of error that, if successful, would result in reversal of the conviction, the court will vacate the judgment and dismiss the appeal."

rebuttable, not an irrebuttable, presumption. In any event, the state asserts, "the public interest in leaving the court's decision undisturbed, and in avoiding the uncertainty and inefficiency that vacatur would produce, outweighs any presumption supporting vacatur."

Defense counsel responds that *Yancy*, *Brown*, and similar cases from this court demonstrate that this case became moot when defendant died, whether or not this court was aware of that fact. Therefore, defense counsel argues, there was no justiciable controversy when the court issued its opinion, the opinion was advisory only, and the court has stated that it cannot render advisory opinions. *Yancy*, 337 Or at 363. In defense counsel's view, because this court lacked authority to issue its decision, the decision must be vacated. Defense counsel disputes the state's claim that vacatur will result in uncertainty in consent-search cases, noting that "it [is] unclear whether and to what extent a fine-tuned *Hall* test will affect actual outcomes." Defense counsel also points to the presumptive rule in ORAP 8.05(2)(c)(ii) that an appeal ordinarily will be dismissed and the judgment of conviction vacated if a criminal defendant dies while the case is on direct appeal by the defendant.[2] Finally, defense counsel argues that one of the critical equitable considerations in deciding to vacate is whether the underlying cause of mootness was within the control of the party requesting vacatur—and that here the reason for mootness obviously was unexpected and beyond defendant's desire or control.

We agree with the parties that the case was moot when this court issued its decision in January 2013. We therefore turn to whether the court should vacate that decision. As noted, defense counsel argues that Oregon courts have no jurisdiction over moot cases and no authority to issue an opinion in a case that becomes moot before a final judgment is entered. Because this court had no jurisdiction

---

[2] Defense counsel also cites multiple federal appellate decisions in which an appellate court vacated or abated a defendant's criminal conviction after the defendant died while the case was on appeal. Those cases are consistent with the presumptive disposition set out in ORAP 8.05(2)(c), but none of them involve a circumstance where a court of last resort issued an opinion after the case, unbeknownst to the court, had become moot.

over this case when it issued its opinion, defense counsel contends, the opinion must be vacated. The state counters that this court has used the equitable considerations identified in *Kerr* in deciding whether to vacate an opinion in a case that has become moot; indeed, the state argues, the court did just that in *Terhune*, where it considered the equities and declined to vacate an opinion that had issued months after the case became moot. Those equitable considerations, the state maintains, weigh against vacating our opinion in this case.

We recognize that our cases are in tension. *Yancy* and *Brown*, while not focusing on vacatur, unambiguously hold that Oregon courts are without jurisdiction to decide moot cases.[3] In *Terhune*, however, this court applied the equitable principles discussed in *Kerr* and exercised its discretion to not vacate a decision issued in a case that was moot at the time of the decision.

This case does not require us to resolve the tension in our prior decisions, however. Both the argument that we lacked jurisdiction and the argument that the equities favor vacatur lead to the same result here: This court's January 10, 2013, opinion should be vacated. Under *Yancy* and the cases it relied on, the absence of an "existing controversy" means that this court lacked "judicial power" conferred by Article VII (Amended), section 1, of the Oregon Constitution to issue the decision that it did. 337 Or at 362-63. Accordingly, the decision should be vacated. We reach the same conclusion if we instead consider the decision to vacate as an equitable one and apply the factors discussed in *Kerr*.

We briefly review those factors as they apply here. We recognize, as the state argues, that if we vacate our decision in *Hemenway*, there may be some uncertainty as to the status of *Hall*, because *Hemenway* attempted to clarify the earlier decision. We also agree, as we stated in *Kerr*, that "'[j]udicial precedents are presumptively correct and valuable to the legal community as a whole,'" which counsels against vacatur. 340 Or at 250 (quoting *Bonner*

---

[3] In *Yancy*, this court discussed and overruled a number of earlier decisions that suggested that Oregon courts, in some circumstances, had jurisdiction to decide cases that had become moot. 337 Or at 349-50, 363.

*Mall*, 513 US at 26). However, as the state points out, there are a number of pending cases raising consent-search issues similar to those decided in *Hemenway*—including cases in which a petition for review has been filed with this court. If this court chooses to address the consent-search issue in another case, we will have ample opportunity to do so.

A second equitable consideration is that the parties and various courts, including this court, expended substantial effort to answer a difficult legal question, and it would be unfortunate for that work to have been futile. Those considerations give some support to the state's argument that it would be adverse to the public interest if we vacate our decision.

However, other equitable considerations point in the opposite direction. In *Kerr*, this court quoted and followed the United States Supreme Court's decision in *Bonner Mall Partnership*:

> "'The principal condition to which we have looked [in determining whether to vacate a decision or not] is whether the party seeking relief from the judgment below caused the mootness by voluntary action.'"

*Kerr*, 340 Or at 249 (quoting *Bonner Mall*, 513 US at 24) (emphasis omitted). Here, of course, defendant did not take any voluntary action to cause the case to become moot. Moreover, there is no suggestion that either the state or defense counsel knew of defendant's death and failed to inform the court. Consequently, neither party is to blame for the fact that the court was not informed of defendant's death until after its opinion had been issued. Although we recognize that *Kerr* and *Bonner Mall*—unlike this case— involved the question of vacating a decision that was not moot when it issued, we nevertheless view the fact that defendant did not cause the mootness by his voluntary action as an equitable consideration in favor of vacatur.

We also find support for vacating our decision—and the lower court decisions—in ORAP 8.05(2)(c). That rule expresses a general "presumpti[on]" that, if a defendant has appealed a criminal judgment and the appeal, if successful, "would result in reversal of the conviction," then, if the defendant dies while the appeal is pending, "the court will

vacate the judgment and dismiss the appeal." ORAP 8.05(2)(c). The state is correct that the rule is presumptive only. Moreover, the present circumstances are beyond the express scope of the rule. However, the concern underlying the rule—that the criminal judgment should be vacated if a criminal defendant dies while pursuing a direct appeal that might result in a reversal of the conviction—also is pertinent here.

After examining the equitable considerations for and against vacatur in this case, we have determined that those factors militate in favor of vacatur. We conclude that we should vacate our decision in this case, whether the issue is analyzed as one of the court's lack of jurisdiction to decide a moot case or as one of the court's exercise of its equitable powers.

This court's decision in *State v. Hemenway*, 353 Or 129, 353 Or 129, 295 P3d 617 (2013), is vacated as moot; the Court of Appeals decision, *State v. Hemenway*, 232 Or App 407, 222 P3d 1103 (2009), is vacated; and the judgment of conviction is vacated. Defendant's petition for reconsideration is dismissed as moot.