Argued and submitted August 9, 2019; affirmed August 18; on appellant's motion to dismiss appeal and motion to vacate judgment filed September 8, decision vacated as moot, judgment of conviction vacated, appeal dismissed as moot October 13, 2021 See 315 Or App 196, 499 P3d 890 (2021)

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
TED EDWARD LOGAN,
*Defendant-Appellant.*
Curry County Circuit Court
17CR45539; A166946

496 P3d 1

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, and raises three assignments of error focused on whether he drove on "premises open to the public" when he was driving on a gravel bar along the Chetco River. Because there was a sign at the entrance of the gravel bar that put visitors on notice that the bar was closed after 10:00 p.m., defendant contends that there was insufficient evidence that he drove on premises open to the public. His first assignment of error challenges the trial court's denial of his motion for judgment of acquittal. In his second and third assignments of error, defendant asserts that the trial court erred in rejecting his requested special jury instruction and in issuing the state's requested special jury instruction. *Held*: Because a rational juror could find that the gravel bar constituted premises open to the public for purposes of the DUII charge, the trial court did not err in denying defendant's motion for judgment of acquittal. Although there was a sign that notified the public that the bar was closed when defendant was driving, the bar was nonetheless accessible, and members of the public were not prevented from entering and exiting the gravel bar. Further, the trial court did not err in issuing the state's requested special jury instruction and rejecting defendant's requested instruction.

Affirmed.

Cynthia Lynnae Beaman, Judge.

Rond Chananudech argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Colm Moore argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kistler, Senior Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal case, defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, and raises three assignments of error focused on whether he drove on "premises open to the public." His first assignment of error challenges the trial court's denial of his motion for judgment of acquittal. In his second and third assignments of error, defendant asserts that the trial court erred in rejecting his requested special jury instruction and in issuing the state's requested special jury instruction. For the reasons explained below, we conclude that the trial court did not err and affirm.

We begin with defendant's first assignment of error challenging the trial court's denial of his motion for judgment of acquittal. In reviewing the denial of a motion for judgment of acquittal, we view the facts in the light most favorable to the state and evaluate whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

Just outside of Brookings, there is a large gravel bar along the northside of the Chetco River that is around a tenth of a mile long; it is known as the Social Security Bar. Used for various recreational purposes, including fishing, bonfires, camping, and other social gatherings, the Social Security Bar is accessible by car from a paved parking lot. The Oregon Department of State Lands owns the gravel bar and there is only one entrance to it, which is the same place that visitors exit. The gravel bar is open to the public, but closed between 10:00 p.m. and 5:00 a.m., and there is a sign at the entrance informing visitors when the bar is closed. There is no gate or barrier preventing access to the bar when it is closed. After the gravel bar closes at night, law enforcement generally clear out people who are still congregating; however, people occasionally camp on the bar and law enforcement sometimes let people stay there overnight.

On a summer night in 2017 around 11:00 p.m., Curry County Sheriff's Deputy Warren saw defendant driving a truck on the gravel bar. Although the bar was closed, there were roughly 12-15 people still on the bar approximately

100 yards from defendant. Warren asked defendant for his license and noticed that defendant had slurred speech, red eyes, and a strong odor of alcohol coming from his breath. Defendant said that he was visiting friends on the bar and was headed home. Warren conducted field sobriety tests, during which defendant exhibited signs of intoxication; defendant also admitted to drinking six to eight cans of beer that night. Eventually, Warren arrested defendant for DUII, and a breath test later revealed a .16 percent blood alcohol content.

The state charged defendant by district attorney information with driving a vehicle "upon premises open to the public" while under the influence of intoxicants. ORS 813.010. The Oregon Vehicle Code defines "premises open to the public" to include "any premises open to the general public for the use of motor vehicles, whether the premises are publicly or privately owned and whether or not a fee is charged for the use of the premises." ORS 801.400. Ultimately, the determination of whether property is open to the public is a question of fact for the factfinder. *State v. Scott*, 61 Or App 205, 208, 655 P2d 1094 (1982).

At trial, the parties disputed whether the gravel bar constituted premises open to the public as defined by ORS 801.400. *See State v. Romanov*, 210 Or App 198, 205, 149 P3d 1224 (2006), *rev den*, 342 Or 633 (2007) (explaining that "the offense of DUII is not applicable on premises not open to the public for the use of motor vehicles" (emphases omitted)). After the state rested, defendant moved for a judgment of acquittal, arguing that the Social Security Bar, where Warren saw defendant driving, was not a "premises open to the public" because the bar was closed. That is, because the sign at the entrance of the bar put visitors on notice that the bar was closed after 10:00 p.m., defendant contended that there was insufficient evidence for a rational juror to find that he drove on a premises open to the public. The court denied the motion.

On appeal, defendant renews his argument, asserting that the trial court erred in denying his motion because all members of the public are prohibited from using the bar at the time that defendant drove on the bar. In defendant's

view, because the bar was closed to the public during the time that defendant was driving, it could not qualify as a premises open to the public for purposes of DUII. The state asserts that "[e]vidence that premises are accessible to the public and actually used by the public is sufficient to allow a factfinder to find that the premises is open to the public." In the state's view, a rational factfinder could conclude that, "after the posted closing time, the public had access to the gravel bar and were actually allowed to use it." We conclude that the trial court correctly denied defendant's motion.

In resolving the dispute, we begin by noting that the Supreme Court has explained that the primary purpose of the statutory phrase "premises open to the public" is to "enlarge the zone of statutory protection of the public for Class A traffic offenses from public highways to non-highway locations that are open to the general public for use of motor vehicles." *State v. Mulder*, 290 Or 899, 903, 629 P2d 816 (1981) (interpreting the statutory predecessor to ORS 801.400 (internal quotation marks omitted)). That phrase also served to "extend the protection of the statute to all parking lots which share similar characteristics of public access and exposure to danger from such improper driving of motor vehicles." *Id.* at 904. When evaluating the question whether premises are open to the public, we have emphasized that the "focus of the inquiry is *** the actual use of the premises and its accessibility to the general public." *Scott*, 61 Or App at 208 (emphasis omitted).

Our discussion in *State v. Sterling*, 196 Or App 626, 630-31, 103 P3d 1162 (2004), is instructive. In *Sterling*, we considered whether a driveway qualified as premises open to the public:

> "The driveway ran past [the defendant's brother's] house and terminated in a dead end in front of another house. At its other end, the driveway connected to a private road winding through a condominium complex, which [the] road itself ultimately connected to a public road."

196 Or App at 628. After reviewing various cases, we distilled the following guidance:

> "[T]he cases construing the term 'premises open to the public' teach that the phrase should be defined so as to achieve

> its primary purpose, which is to protect members of the public from serious driving offenses; that signs discouraging the public from entering do not necessarily close premises to the public; that the absence of a physical barrier, although not itself sufficient to prove openness to the public, is strong evidence to that effect; and that the key evidentiary fact the state has to prove is that members of the public, including those with a legitimate business purpose, such as garbage collectors, meter readers and paper carriers, are allowed on the premises."

*Id.* at 630-31 (internal quotation marks and citation omitted). Thus, in *Sterling* we concluded that the evidence presented at trial was sufficient for a rational juror to find that the premises were open to the public. *Id.* at 631. We reasoned that, notwithstanding a "tenants only" sign posted in the condominium complex, there were no "physical barriers such as a fence or a wall limiting access." *Id.* Further, there was testimony that service vehicles used the private road through the condominium complex and the jury could infer that those vehicles also used the driveway.

Applying those same principles here, and giving the state the benefit of all reasonable inferences, we conclude that a rational juror could find that the Social Security Bar constituted premises open to the public for purposes of the DUII charge. The bar is publicly owned by the State of Oregon and, like the property in *Sterling*, had no physical barriers preventing entry. Although there was a sign announcing that the bar was not "open" for visitors between 10:00 p.m. and 5:00 a.m., that does not conclusively answer the question whether the premises are accessible by the public. *See Scott*, 61 Or App at 208 ("Although defendant presented evidence that the intention of the condominium owners was to restrict public access, the evidence was that the actual use of the streets did include the general public and that access to the premises was not effectively or systemically restricted."). Here, although the bar was closed, it was accessible, and members of the public were not prevented from entering and exiting the gravel bar.

Moreover, there is evidence in the record that members of the public were often on the premises after 10:00 p.m. or when the bar was not "open" to visitors. When defendant

was arrested, there were roughly 12-15 people still on the bar. Further, when officers would clear gatherers from the bar, it would often be after 10:00 p.m., and there was evidence that law enforcement would occasionally let campers stay overnight on the bar. Thus, although the bar was closed for visitors at times, there was evidence of actual use and accessibility by the public during those times. Accordingly, because a rational juror could find that the gravel bar constitutes premises open to the public, the court did not err in denying defendant's motion for judgment of acquittal.

Defendant's final two assignments of error relate to the trial court's decision to use the state's requested special jury instruction over defendant's proffered special jury instruction. We review the trial court's ruling for legal error and, in assessing whether there was reversible error, we look to other instructions given and the parties' contentions at trial. *State v. Bistrika*, 261 Or App 710, 727-28, 322 P3d 583, *rev den*, 356 Or 397 (2014), *cert den*, 577 US 828 (2015) (internal quotation marks and citation omitted). As we have previously explained, "[i]nstructional error exists where the instructions give the jury an incomplete and thus inaccurate legal rule to apply to the facts, or where the instructions insert an irrelevant issue into the jury's deliberations concerning a material issue[.]" *Id*. at 728 (internal quotation marks and citation omitted).

The parties offered different special jury instructions regarding what it means to drive on premises open to the public, and the court gave the state's instruction and declined to give defendant's instruction.[1] On appeal, defendant contends that the state's instruction did not adequately inform the jury that it was the state's burden to prove that the premises were open to the public "at the time that defendant drove his car." (Emphasis omitted.) We disagree. The state's instruction explained that the term "premises open

_____

[1] The state's instruction was an excerpt from our opinion in *Sterling*, 196 Or App at 630-31. We take this opportunity to note, again, that there is risk inherent in "using wording from opinions as jury instructions and, in particular, [in] crafting a jury instruction from statements in a case intended to describe why particular evidence was sufficient." *State v. Morales*, 307 Or App 280, 285 n 4, 476 P3d 965 (2020) (citing *Rogers v. Meridian Park Hospital*, 307 Or 612, 616, 772 P2d 929 (1989)).

to the public" includes "any premises which at the time of the allegation charged herein, was open to the general public for the use of motor vehicles." Thus, the instruction that the court gave adequately informed the jury that the state had to prove that the premises were open to the public when defendant drove his car.

Finally, defendant also assigns error to the court's refusal to deliver his instruction, but his argument is the same as his argument against the state's instruction, *viz.*, that his instruction properly defined "premises open to the public" and the state's proposed instruction did not. Having concluded that the state's instruction adequately covered that concept, we reject defendant's contention that the trial court erred by using the state's instruction instead of his. *See State v. Ashkins*, 357 Or 642, 648, 357 P3d 490 (2015) (explaining that a trial court is not required to give a requested instruction if another instruction adequately addresses the issue); *see also State v. Tucker*, 315 Or 321, 332, 845 P2d 904 (1993) ("It is not error for a trial court to refuse to give a requested instruction if the instruction given by the court, although not in the form requested, adequately covers the subject of the requested instruction.").

Affirmed.