On appellant's motion to dismiss appeal and motion to vacate judgment filed September 8; decision in *State v. Logan*, 314 Or App 72, 496 P3d 1 (2021), vacated as moot, judgment of conviction vacated; appeal dismissed as moot October 13, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TED EDWARD LOGAN,
*Defendant-Appellant.*

Curry County Circuit Court
17CR45539; A166946

499 P3d 890

Cynthia Lynnae Beaman, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, for motion.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kistler, Senior Judge.

PER CURIAM

Our decision in *State v. Logan*, 314 Or App 72, 496 P3d 1 (2021), is vacated as moot; the judgment of conviction is vacated; appeal dismissed as moot.

## PER CURIAM

In this criminal appeal, we issued an opinion affirming defendant's conviction for driving under the influence of intoxicants. *See State v. Logan*, 314 Or App 72, 496 P3d 1 (2021). Defense counsel now moves under ORAP 8.05(2)(c)(ii) to vacate the conviction and dismiss the appeal on the ground that defendant has died and, in fact, died nearly a year ago. Defense counsel represents that, had defendant not died, he would have sought to challenge his conviction in the Supreme Court. The state does not oppose the motion. For the reasons that follow, we vacate our opinion, vacate the judgment of conviction, and dismiss the appeal.

Defense counsel has not specifically requested that we vacate our opinion, just that we vacate the judgment of conviction and dismiss the appeal. We nevertheless conclude that, under *State v. Hemenway*, 353 Or 498, 302 P3d 413 (2013), vacatur of our opinion is warranted. There, similar to the situation here, the Supreme Court issued its opinion in the case after, unbeknownst to the court, the defendant had died. *Id*. at 500. The defendant's counsel moved under ORAP 8.05(2)(c)(ii) to vacate the conviction at issue and dismiss the appeal. *Id*. at 503. In addition, the defendant's counsel argued that that court's opinion, as well as the opinion of our court, should be vacated. *Id*.

The court agreed. It explained that, as to its decision, vacatur was required because the case had been moot, and therefore outside the judicial power to resolve under *Yancy v. Shatzer*, 337 Or 345, 362, 97 P3d 1161 (2004), at the time the opinion issued. *Hemenway*, 353 Or at 503-04. Alternatively, the court reasoned that equitable considerations counseled vacatur of its decision and our decision. Those equitable considerations were (1) that mootness did not result from the defendant's voluntary action and (2) that "the concern underlying [ORAP 8.05(2)(c)(ii)] that the criminal judgment should be vacated if a criminal defendant dies while pursuing a direct appeal that might result in the reversal of the conviction" supported the notion that appellate opinions should also be vacated if a criminal defendant dies during the pendency of an appeal. *Id.* at 505-06.

*Hemenway*'s mootness analysis—specifically, its conclusion, based on *Yancy*, that moot cases are completely outside the scope of the judicial power of Oregon courts to resolve—has not survived *Couey v. Atkins*, 357 Or 460, 520, 355 P3d 866 (2015) (abrogating *Yancy*). Accordingly, *Hemenway*'s conclusions that it is beyond the judicial power for a court to issue an opinion in a case after the defendant has died and that an opinion issued after the death of a criminal defendant must be vacated, may no longer be correct. Nevertheless, the equitable considerations in favor of vacatur identified in *Hemenway* have not changed and are equally present in this case. Further, we see no grounds for taking an approach different from the one taken by the *Hemenway* court, even if we might have the discretion to weigh the equities differently.

Our decision in *State v. Logan*, 314 Or App 72, 496 P3d 1 (2021), is vacated as moot; the judgment of conviction is vacated; appeal dismissed as moot.