794 May 30, 2024 No. 360

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SCOTT ANTHONY COTTER,
*Defendant-Appellant.*

Lincoln County Circuit Court
23CR15583; A181978

Amanda R. Benjamin, Judge.

Submitted April 30, 2024.

Scott Cotter filed the brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for one count of reckless driving, ORS 811.140, for unlawfully and recklessly driving "a vehicle upon a highway or premises open to the public in a manner that endangered the safety of persons or property," and two counts of recklessly endangering another person, ORS 163.195, for unlawfully and recklessly engaging "in conduct that created a substantial risk of serious physical injury" to children "on the beach."

Defendant assigns error to the trial court's denial of his motion for a judgment of acquittal, arguing that the evidence regarding defendant's conduct was legally insufficient to support his convictions for reckless driving and recklessly endangering another person. The state agrees with the defendant's framing of the assignment of error in this case.

Viewing the evidence in the light most favorable to the state, we affirm, because the "state presented sufficient evidence from which a rational trier of fact, making reasonable inferences, could find the essential elements of the crime beyond a reasonable doubt." *State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) (internal quotation marks and citations omitted).

We have reviewed the record in this case, including the officer's body camera footage as well as the photographic evidence. Defendant drove so as to make "spinnies" on the beach. Witnesses testified that there were "people walking around," and "a lot of cars and kids" on the beach, and that it was "busy" there. After one of the witnesses asked defendant about defendant doing "spinnies" on the beach, defendant threw his cane at the witness; the cane hit the witness. Defendant also acknowledged that he made "spinnies" on the beach and that he knew others were on the beach. The evidence was sufficient on all the offenses.

Affirmed.