No. 11 April 10, 2025 381

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Respondent on Review,*

*v.*

SCOTT ANTHONY COTTER,
*Petitioner on Review.*

(CC 23CR15583) (CA A181978) (SC S071405)

En Banc

On petitioner on review's petition for review filed November 1, 2024; considered and under advisement January 7, 2025.

James H. Brewer, Deputy Public Defender, Oregon Public Defense Commission, Salem, submitted the petition for review and the supplemental *pro se* petition for review for petitioner on review. Also on the petitions was Ernest G. Lannet, Chief Defender, Criminal Appellate Section.

Jennifer S. Lloyd, Assistant Attorney General, Salem, appeared for respondent on review. Also appearing were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

DUNCAN, J.

The petition for review is allowed, and the joint motion for remand is granted. The decision of the Court of Appeals in *State v. Cotter*, 332 Or App 785 (2024) (nonprecedential memorandum opinion), is vacated. The circuit court's judgment of conviction is vacated, and the case is remanded to the circuit court for further proceedings. The supplemental *pro se* petition for review is denied.

## DUNCAN, J.

In this criminal case, defendant's appellate counsel filed a petition for review, and this court asked the state to respond. Thereafter, the parties filed a joint motion to remand the case to the trial court. For the reasons explained below, we allow the petition and grant the parties' motion.[1]

Defendant was charged with reckless driving and recklessly endangering another person. ORS 811.140; ORS 163.195. After being unable to secure counsel, defendant represented himself at trial. Defendant's arguments at trial were not responsive to the charges, and a jury convicted him of both charged crimes.[2] In the Court of Appeals, defendant continued to represent himself, filing a *pro se* brief in which he reasserted arguments similar to those he had made in the trial court.[3] The state filed its brief, which construed defendant's *pro se* brief as arguing that the state had failed to present sufficient evidence at trial to support guilty verdicts.

Meanwhile, defendant had been charged in a second criminal case, received appointed counsel, been convicted, and appealed. In that case, the Court of Appeals appointed appellate counsel for defendant.

Thereafter, the Court of Appeals appointed appellate counsel for defendant in this case. But, by that time, the briefing had been completed and the case had been submitted to the court for decision. Immediately after being appointed, defendant's appellate counsel filed an emergency motion to withdraw the case from submission and permit appellate counsel to file a brief. In his motion, appellate counsel informed the court that he sought to brief two issues: (1) that defendant had not validly waived his right to counsel

---

[1] Defendant also filed a supplemental *pro se* petition for review. We deny that petition without further discussion.

[2] At trial, defendant asserted, among other things, that he had been the subject of "hits" intended to put him back on medication, which, at sentencing, he attributed to "Mormons and also Masons." He also made numerous references to celebrities, historical events, botany, and geology, claiming that they were connected to him and his case.

[3] Defendant's arguments on appeal raised similar themes to those he had raised at trial.

in the trial court, and (2) that the trial court had erred in failing to order an evaluation of defendant's competence.

Two days after appointing counsel, and without ruling on counsel's emergency motion, the Court of Appeals issued a nonprecedential opinion that addressed only defendant's *pro se* brief and affirmed defendant's convictions. *State v. Cotter*, 332 Or App 785, 786 (2024) (nonprecedential memorandum opinion). The court construed defendant's *pro se* brief to have "assign[ed] error to the trial court's denial of his motion for a judgment of acquittal," and the court rejected that argument on the ground that the evidence was sufficient to support defendant's convictions. *Id*.

Thereafter, the Court of Appeals denied appellate counsel's emergency motion but invited him to raise the issues he had identified in that motion in a petition for reconsideration. Appellate counsel accepted that invitation and filed a petition for reconsideration raising those issues, accompanied by a proposed supplemental brief developing his arguments on those issues in greater detail. The Court of Appeals denied the petition for reconsideration without explanation.

Appellate counsel then filed a petition for review in this court, arguing that the Court of Appeals had abused its discretion in denying his petition for reconsideration. He contended that, where an appellate court does not appoint counsel for a defendant until after a case has been submitted, the court must allow counsel to file supplemental briefing that raises claims of fundamental constitutional error in the trial court, when those errors likely impaired defendant's right to counsel on appeal and counsel has requested an opportunity to provide supplemental briefing immediately upon appointment and before the issuance of the court's decision.

This court asked the state to respond to the petition for review. Thereafter, the parties submitted a joint motion to remand this case to the trial court pursuant to ORS 138.227, which provides, as relevant here, that parties may file a joint motion in an appellate court to vacate the judgment from which an appeal was taken and remand

the matter to the trial court to reconsider the judgment or any intermediate decision by the trial court.[4] The parties' motion relates to the first issue that appellate counsel had identified as a basis for the supplemental brief that he had sought to file in the Court of Appeals, specifically, whether defendant had validly waived his right to counsel in the trial court. The parties ask this court to vacate the trial court's judgment and remand this case to the trial court because defendant represented himself at trial without any colloquy about his understanding of the right to counsel or any indication that he validly chose to waive that right. They explain that "the record definitively shows that neither the arraignment judge nor any later judge inquired to determine whether defendant was knowingly and intelligently waiving his right to counsel at the trial level in this case." In addition, they agree that, on remand, "the trial court should determine from the record that no waiver occurred, and should allow the case to proceed as it would have if the original mistake had not occurred, and that defendant is entitled to a new trial."

We agree with the parties and grant the joint motion for remand. In the trial court, defendant appeared for arraignment without counsel. He told the court that he was not financially eligible for court-appointed counsel and that, although he had contacted many lawyers, he had not found one to retain. In response, the court noted that defendant was "working to hire [his] own attorney" and gave defendant a waiver of counsel form to fill out "just in case that's the direction [defendant] want[ed] to go."

Defendant signed the waiver form at some point that same day, and the form was thereafter entered into the trial court file. The form included a "FINDINGS" section

---

[4] ORS 138.227 provides:

"(1) On joint motion of the parties to an appeal in a criminal case, the appellate court may vacate the judgment or order from which the appeal was taken and remand the matter to the trial court to reconsider the judgment or order, or any intermediate decision by the trial court. On remand, the trial court shall have jurisdiction to enter a modified judgment or order, or to reenter the vacated judgment or order.

"(2) After entry of a judgment or order under subsection (1) of this section, either party may appeal in the same time and manner as an appeal from the original judgment or order."

for the court to input its findings "regarding the defendant's waiver of counsel," including that "Defendant has knowingly, voluntarily, and intelligently waived the right to counsel." The form also included space for a judge to sign it. As entered into the trial court file, the form's findings section was blank, and the form did not include a judge's signature.

At defendant's second appearance, which was before a different judge, defendant again appeared without counsel. At the outset of that appearance, the court stated: "[I]t looks like we do have a waiver of counsel for you submitted on [the date of the arraignment]." The court then asked defendant how he wanted to proceed, and defendant responded that he wanted a jury trial. The court told defendant,

> "If you are going to represent yourself for the jury trial, make sure that you're prepared to do so.
>
> "* * * * *
>
> "Now, it's not—it's not my role—it's not anybody's role to represent you. Representing you, providing you legal advice would be the role of your attorney, and *you waived your right to an attorney at this point*."

(Emphasis added.) The court also told defendant that he could still "change [his] mind about an attorney," but that, if defendant did so, he needed to let the court know "upfront and early." Defendant replied, "I am unable to get a lawyer. And also, I am unable to get a court-appointed lawyer." In response, the court directed defendant to apply for court-appointed counsel if he was unable to afford an attorney. The court otherwise took no action based on the waiver of counsel form. At no point did the court conduct a colloquy or otherwise inquire about defendant's understanding of the right to counsel or ensure that he wished to waive that right.

The case proceeded to trial, and, as mentioned, defendant represented himself and was convicted as charged.

The parties are correct to conclude in their joint motion that vacating the trial court's judgment is necessary in this case and that defendant is entitled to a new trial. A defendant in a criminal case has a constitutional right to counsel at trial under both Article I, section 11, of

the Oregon Constitution[5] and the Sixth Amendment to the United States Constitution.[6] Without that right, "[a] trial court 'cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair.'" *State v. Barone*, 329 Or 210, 226, 986 P2d 5 (1999), *cert den*, 528 US 1086 (2000) (quoting *Rose v. Clark*, 478 US 570, 577-78, 106 S Ct 3101, 92 L Ed 2d 460 (1986)).

Although a defendant may waive the right to counsel and proceed *pro se*, a waiver of the right to counsel is valid only if the record shows that it was "knowing and intentional." *State v. Langley*, 351 Or 652, 665, 273 P3d 901 (2012). We have explained:

> "[A] trial court may accept a defendant's proffered waiver of counsel only if it finds that the defendant knows of his or her right to counsel and, if indigent, of his or her right to court-appointed counsel, and that the defendant intentionally relinquishes or abandons that right."

*State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992). "Because courts are reluctant to find that a defendant has waived fundamental constitutional rights, we will not presume a waiver of the right to counsel from a silent record." *Langley*, 351 Or at 665.

We agree with the parties that the record in this case does not show that defendant validly waived his right to counsel. At arraignment, defendant told the court that he was not financially eligible for court-appointed counsel and could not find a lawyer to retain. In response, the court gave defendant a waiver of counsel form to fill out "just in case," which defendant did. At the next pretrial hearing, defendant again told the court that he was unable to obtain either appointed or retained counsel. In response, the court told defendant to apply for court-appointed counsel if he was unable to afford an attorney. The court otherwise took no action based on the waiver of counsel form. At no point

---

[5] Article I, section 11, of the Oregon Constitution provides, in relevant part: "In all criminal prosecutions, the accused shall have the right to \*\*\* be heard by himself and counsel[.]"

[6] The Sixth Amendment to the United States Constitution provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right \*\*\* to have the Assistance of Counsel for his defence [*sic*]."

did the court conduct a colloquy or take any other action to ensure that defendant had validly waived his right to counsel. *See Meyrick*, 313 Or at 133 ("A colloquy on the record between the court and the defendant wherein the court, in some fashion, explains the risks of self-representation" is the "preferred means" of ensuring a waiver is valid.). Because the record does not show that defendant validly waived his right to counsel, we grant the parties' joint motion.

We further conclude that equitable considerations require *vacatur* of the Court of Appeals decision. *See State v. Hemenway*, 353 Or 498, 504-06, 302 P3d 413 (2013) (explaining that this court may exercise its equitable powers in favor of *vacatur*). The Court of Appeals opinion was based solely on defendant's *pro se* briefing, despite the fact that the Court of Appeals had appointed appellate counsel and, immediately upon being appointed and before the Court of Appeals issued its decision, appellate counsel had identified potential trial court errors relating to defendant's fundamental constitutional rights—specifically, the right to counsel and the right to a fair trial—each of which could have impaired his ability to secure appellate counsel to assist him from the outset on appeal. Thus, the Court of Appeals decision is based on incomplete briefing, which itself was attributable to a trial where, as the parties agree, defendant represented himself, even though he had not validly waived his right to counsel.

The petition for review is allowed, and the joint motion for remand is granted. The decision of the Court of Appeals in *State v. Cotter*, 332 Or App 785 (2024) (nonprecedential memorandum opinion), is vacated. The circuit court's judgment of conviction is vacated, and the case is remanded to the circuit court for further proceedings. The supplemental *pro se* petition for review is denied.